*McIntire, Walsh & Bernstein,* contra.

---

### 14234. CITY OF ATLANTA *v.* HATCHER.

One employed by a city to drive a sanitary cart is an "employee" entitled to compensation under the Georgia workmen's compensation act.

DECIDED FEBRUARY 23, 1924.

Appeal; from Fulton superior court—Judge Bryan. December 26, 1922.

Application for certiorari was denied by the Supreme Court.

*J. L. Mayson, J. M. Wood,* for plaintiff in error.

*Hendrix & Buchanan,* contra.

STEPHENS, J.   The sole question for determination is whether a driver of a sanitary cart operated by the public health department of a city within this State is an "employee" of the city and entitled to compensation under the Georgia workmen's compensation act.   (Ga. L. 1920, p. 167; amended Ga. L. 1922, p. 185.) It is contended by the city that since such driver, in performing his duty, is engaged in the performance of a governmental function, he is not an employee and is not entitled to compensation under the act.   The act is described as a "workmen's compensation act," and is designed to give compensation to "employees."   The act provides that an "employee" shall include "every person, including a minor, in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer."   Section 2-b.   The act also provides that "neither any municipal corporation within this State, nor any political subdivision thereof, nor any employee of such corporation or subdivision shall have the right to reject the provisions of this act relative to payment and acceptance of compensation."   Section 8.   There is nothing in the act that indicates an intention to classify employees entitled to compensation under the act as respects their employment in ministerial or governmental duties.   Nor are they classified at all.   The only possible limitation that can be placed upon the character of the employee entitled to compensation is that he must be a workman.   If an employee of a city is a workman, he is not debarred from compensation merely because he is a workman performing a duty which is denominated governmental.   "Laborer" is synonymous with "workman;" and a laborer is one who performs "work, the doing of which properly would depend upon a mere physical power to perform ordinary manual labor."   *Oliver* v. *Macon Hdwe. Co.*, 98 *Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300).   A driver of a sanitary cart, therefore, is nothing but a laborer or workman.   While we do not hold that only persons performing manual labor exclusively, without the exercise of mental skill, are entitled to recover as employees under the act, we do hold that one who is a laborer, or workman, in every sense of the word, is an employee entitled to recover under the act, even though his duties are governmental.   While in *Marlow* v. *Mayor &c. of Savannah*, 28 *Ga. App.* 368 (110 S. E. 923), a city

policeman is held to be a public officer and not an employee, and therefore not entitled to recover under the act, it does not follow that a driver of a city sanitary cart, who is a mere laborer, cannot recover. There is quite a difference in the nature of the duties of a city policeman and the driver of a sanitary cart.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*