Before STATE INDUSTRIAL BOARD, Respondent.

MICHAEL HUGHES, Respondent, *v.* THE CITY OF BUFFALO, Appellant.

Third Department, March 5, 1924.

Workmen's compensation — claimant, employee of city, was injured while working on road from city hospital to public highway — claimant is within section 3, subdivision 1, groups 13 and 17, of Workmen's Compensation Law — statute applicable though city may have been engaged in governmental function.

The claimant, an employee of a city, who was injured while working in the construction of a road from a city hospital to the public highway is within groups 13 and 17 of subdivision 1 of section 3 of the Workmen's Compensation Law.

Whether or not the city in maintaining the hospital was performing a governmental function as a State agency or merely a municipal function is immaterial, for the statute applies, although the city may have been engaged in performing a governmental function.

APPEAL by the defendant, The City of Buffalo, from an award of the State Industrial Board, made on the 18th day of December, 1922.

*William S. Rann, Corporation Counsel [Gregory U. Harmon* of counsel], for the appellant.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

The city of Buffalo maintains a hospital for the treatment of tuberculosis patients. Claimant was injured while engaged in the construction of a road from said hospital to the public highway.

He was in the employ of the city and his wages were paid by the city. Road building is included in group 13 of subdivision 1 of section 3 of the Workmen's Compensation Law of 1922 as a hazardous employment for which compensation shall be payable for injuries incurred in such employment. Group 17 of subdivision 1 of said section 3 is as follows: " Any employment enumerated in the foregoing groups and carried on by the State or a municipal corporation or other subdivision thereof, notwithstanding the definition of the term ' employment ' in subdivision five of section two of this chapter." The claimant clearly comes within said groups 13 and 17. The appellant does not question the constitutionality of the statute but contends as a matter of construction thereof that in maintaining a hospital the city was performing not a municipal function but a governmental function as a State agency and that the statute does not apply to a municipality performing a governmental function. Without determining the particular function exercised by the city in maintaining a hospital I think no such distinction is contemplated by the statute. Decisions by the courts made independently of the Workmen's Compensation Law are not helpful. That statute revolutionized the law pertaining to master and servant as applicable to compensation for accidental injuries. It introduced an entirely new theory relative to such compensation and swept away most of the distinctions which had previously existed bearing on the question of compensation for accidental injuries as between master and servant. Authorities cited by the appellant which have arisen under the statute are not relevant. In *Krug* v. *City of New York* (196 App. Div. 226) and *Beeman* v. *Board of Education* (195 id. 357) it was held that the claimants were not engaged in hazardous employments within the meaning of the statute. In *Matter of Ryan* v. *City of New York* (228 N. Y. 16); *Kahl* v. *City of New York* (198 App. Div. 30) and *Youngman* v. *Town of Oneonta* (204 id. 96) it was held that the claimants were not employees but officers of their respective municipalities. While there may be expressions in some of the opinions in the foregoing cases indicating a possible distinction in the statute such as the appellant here seeks, such expressions were used merely to throw light on the questions actually involved and were not intended to have the effect here claimed. The statute is comprehensive in its phraseology. It includes " any employment " enumerated and carried on by the State or municipal corporation. (§ 3, subd. 1, group 17.) The same idea is conveyed by groups 15 and 16 of subdivision 1 of said section 3. Certain employments in a " hospital maintained or operated by the State or a municipal corporation or other subdivision thereof " are specifically made the subject of compensation

in group 15. I think clearly within both the letter and the spirit of the statute that claimant is entitled to compensation. If the Legislature had intended to withhold liability from a municipality while in the performance of its governmental function as a State agency such intent would have been indicated by phraseology very different from that actually employed.

The award should be affirmed, with costs to the State Industrial Board.

Award unanimously affirmed, with costs in favor of the State Industrial Board.