# CHARLESTON.

ROBERT L. ESQUE v. CITY OF HUNTINGTON

(No. 5894)

Submitted May 10, 1927.   Decided September 13, 1927.

WORKMEN'S COMPENSATION ACT—*Municipal Corporation, Employing Persons as Proprietary or Governmental Agency in Work Embraced in Workmen's Compensation Act, is "Employer" (Code, c. 15-p, 9§ 9, 26).*

A municipal corporation is an employer within the meaning of the workmen's compensation law (Chapter 15-P, Code), while employing persons as a proprietary or governmental agency in any of the classes of work embraced in the act.

(Workmen's Compensation Acts, § 37 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Cabell County.

Action by Robert L. Esque against the City of Huntington. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Philip P. Gibson,* for plaintiff in error.

*James H. Strickling* and *Lace Marcum,* for defendant in error.

LITZ, JUDGE:

This is an action in which the plaintiff recovered damages for personal injuries sustained through the negligence of a fellow servant while employed by the defendant in the repair of one of its streets.   The action is based upon Section 26 of the workmen's compensation act, (Chapter 15-P Code), the defendant not having been a subscriber to the compensation fund at the time of the injury.   This section provides:

> "All employers subject to this act, the State of West Virginia excepted, who shall not have elected to pay into the workmen's compensation fund the

premiums provided by this act, or having so
elected, shall be in default in the payment of
same, or not having otherwise complied fully with
the provisions of section twenty-four of this act,
shall be liable to their employees (within the mean-
ing of this act) for damages suffered by reason
of accidental personal injuries sustained in the
course of employment caused by the wrongful act,
neglect or default of the employer, or any of the
employer's officers, agents or employees, and also
to the personal representatives of such employees
where death results from such accidental personal
injuries, and in any action by any such employee
or personal representative thereof such defendant
shall not avail himself of the following common
law defenses:  The defense of the fellow-servant
rule; the defense of the assumption of risk; or
the defense of contributory negligence; and fur-
ther shall not avail himself of any defense that the
negligence in question was that of some one whose
duties are prescribed by statute.''

The repair of its street by the city being a governmental
duty, it defends on the ground that in the exercise of such
function it was not an employer within the meaning of Sec-
tion 9 of the act, as follows:

"All persons, firms, associations and corpora-
tions regularly employing other persons for the
purpose of carrying on any form of industry or
business in this State, county and municipal cor-
porations, the State of West Virginia, and all gov-
ernmental agencies or departments created by it,
are employers within the meaning of this act, and
subject to its provisions.  All persons in the ser-
vice of employers as herein. defined and employed
by them for the purpose of carrying on the in-
dustry, business or work in which they are en-
gaged, and check weighmen as provided for in
chapter twenty, acts of one thousand nine hun-
dred and eleven, are employees within the mean-
ing of this act and subject to its provisions, pro-
vided that the act shall not apply to employers
of employees in domestic or agricultural service,
persons prohibited by law from being employed,
traveling salesmen, to employees of any employer

> while employed without the State; nor shall a member of a firm of employers, or any officer of an association, or of a corporation employer, including managers, superintendents, assistant managers and assistant superintendents, any elective official of the State, county or municipal corporation be deemed an employee within the meaning of this act.
>
> "The premiums and all expenses in connection with the election of the governmental agencies and departments of the State of West Virginia shall be paid out of the State treasury out of the appropriations made for such agencies and departments, in the same manner as other disbursements are made by such agencies and departments.
>
> "Municipal corporations shall provide for the funds to pay their prescribed premiums into the fund and said premiums and premiums of State agencies and departments shall be paid into the fund in the same manner as herein provided for other employers subject to this act."

In support of its contention the defendant cites decisions from Oregon, Nebraska and Kansas, and points to the fact that, while the West Virginia act deprives an employer (within its meaning) who does not subscribe to the workmen's compensation fund of the defenses of the fellow-servant rule, the assumption of risk, and contributory negligence, it does not specifically include as employers municipal corporations while performing governmental functions.

The statutes of the States referred to are radically different from the West Virginia act. The Nebraska statute expressly declares, "This act shall apply only to an employment * * * which is conducted for the purpose of business, trade or gain". The Oregon and Kansas acts contain similar limitation. In holding that a city is not within the act, unless engaged in an enterprise involving an element of gain or profit, the Nebraska, Oregon and Kansas decisions follow the plain language of the statutes therein construed. The classification of employers by the West Virginia act is not based on profit or gain.

But the defendant contends that the controlling words of this statute are *industry* and *business* and that repairing a

street is not an industry or business. Those words evidently were intended to apply primarily to the "persons, firms, associations and corporations" mentioned in the opening lines of the statute. They were not meant to exclude county and municipal corporations, the State and its governmental agencies or departments, when conducting work not strictly defined as industry or business. This conclusion is supported in the description of "employees" within the meaning of the statute, as those employed by others "for the purpose of carrying on the industry, business or *work* in which they are engaged". We do not think the Legislature meant to limit the application of the statute to municipal corporations and other governmental agencies while engaged in proprietary work.

Such acts, remedial in nature, should be liberally construed. *Sole* v. *Kindelberger,* 91 W. Va. 603 (607) ; *Ex parte Central Iron & Coal Co.,* 209 Ala. 22, 95 So. 472; *Johnson* v. *Mining Co.* (Ky.) 266 S. W. 635; *Lumberman's Association* v. *Behnken,* 112 Tex. 103, 28 A. L. R. 1402; *Gobble* v. *Lumber Co.* (Va.) 127 S. E. 175; *Schaefer & Co.* v. *Eicher* (Wis.) 201 N. W. 396; *Lincoln Park Co.* v. *Commission,* 317 Ill. 302, 148 N. E. 79; *Re Duncan,* 73 Ind. App. 270, 127 N. E. 289; *Moss* v. *Company,* (Tenn.) 276 S. W. 1052; *State ex rel* v. *District Court etc.,* 131 Minn. 352, 1917-D Ann. Cas. 866, note p. 867; Sec. 39 of Annotation - Workmen's Compensation, L. R. A. 1916-D, p. 215; Honald on Workmen's Compensation, Sec. 6, note 35; 28 R. C. L. p. 755. The purpose of the act, in our opinion, is to provide compensation for employees, injured while engaged in any sort of work, governmental or industrial, and we so hold. There is *dictum* for this conclusion in *Rader* v. *County Court,* 94 W. Va. 493.

Counsel for plaintiff in his opening statement to the jury read parts of Sections 9 and 26 of the statute. This is assigned as error, under the authority of *Ray* v. *Railway Company,* 57 W. Va. 333. That case, though condemning the practice, holds that reading correct and relevant law to the jury will not be cause for reversal. To the same effect is *Gregory Admr.* v. *Railroad Co.,* 37 W. Va. 606.

Plaintiff's instruction No. 1 is assailed by defendant on the ground that the instruction is drawn on the theory that the defendant is deprived of all of its defenses, and because it did not submit to the jury the question of the city's liability under all the facts, but assumed that the city was liable. After reciting plaintiff's evidence the instruction told the jury that if it believed that evidence, the city was liable for plaintiff's injury. That evidence sufficiently established the defendant's liability. The instruction also recited the inhibition of Section 26 of the act against the availability of certain common law defenses. This was not error.

Finding no prejudicial error in the trial, the judgment of the Circuit Court is

*Affirmed.*