### SCHWARTZ v. JOHN A. ROEBLING'S SONS CO. et al.

#### Civ. No. 226.

District Court, S. D. West Virginia.

Dec. 15, 1942.

Lafe B. Chafin, of Williamson, W. Va., for plaintiff.

E. A. Marshall, of Huntington, W.Va., for John A. Roebling's Sons Company, defendant.

Wade H. Bronson, of Williamson, W. Va., for City of Williamson, defendant.

HARRY E. WATKINS, District Judge.

This action was removed to this court from the Circuit Court of Mingo County, West Virginia, by the defendant, John A. Roebling's Sons Company, on the ground of diversity of citizenship. It is now before me upon motion of plaintiff to remand to the state court, and upon motion of defendant, City of Williamson, to dismiss the action as to it.

Plaintiff and defendant, City of Williamson, are both residents of West Virginia, and the defendant, Roebling Company, is a resident of New Jersey. The Roebling Company contends that no cause of action is stated in the complaint against the resident defendant, City of Williamson, and therefore, the controversy is wholly between citizens of different states.

The complaint alleges that on or about April 20, 1942, plaintiff was injured while employed in the fire department of the City of Williamson from defective equipment and appliances furnished by the city. To be more specific, he charges that, in the performance of his duties as fireman, he was testing an automatic fire escape, when a defective wire rope, or cable, broke and threw him from a high window, a distance of more than 25 feet. He charges that the Roebling Company manufactured and guaranteed the safety of this rope, and that the city, in the maintenance and operation of its fire department, was negligent in furnishing him with such defective appliance.

Both defendants contend that under the law of West Virginia, a fire department maintained by a municipal corporation belongs to the public or governmental branch of the municipality, as distinguished from the proprietary branch, so as to relieve it from liability for injuries to person or property resulting from malfeasance or nonfeasance in connection with the maintenance and operation thereof.

At common law a municipal corporation was not liable for damages caused by negligence of its employes in the exercise of purely governmental functions. Krutili v. Board of Education, 99 W.Va. 466, 129 S.E. 486. West Virginia has consistently followed this common law rule. Mendel v. City of Wheeling, 28 W.Va. 233, 57 Am.Rep. 665; Shaw v. City of Charleston, 57 W.Va. 433, 50 S.E. 527, 4 Ann. Cas. 515; Brown, Adm'r, v. Town of Guyandotte, 34 W.Va. 299, 12 S.E. 707, 11 L.R.A. 121; Warden v. City of Grafton, 99 W.Va. 249, 128 S.E. 375, 42 A.L.R. 259; Ritz v. City of Wheeling, 45 W.Va. 262, 31 S.E. 993, 994, 43 L.R.A. 148. In the latter case the court expressly stated that cities were not liable in such cases "unless some statute, either directly or by implication, gives a private remedy". The majority and almost universal rule has been that a fire department, maintained by a municipality, belongs to the public or governmental branch of the municipality, as distinguished from the proprietary branch thereof. See the following extensive annotations: 9 A.L.R. 143; 33 A.L.R. 688; 84 A.L.R. 514. In Warden v. City of Grafton, supra, the West Virginia Supreme Court said [99 W.Va. 249, 128 S.E. 377]: "Almost universally the police, school, health, and fire departments are classed as governmental".

But plaintiff contends that the city is made liable for injuries resulting from governmental functions by statute in West Virginia (Sections 9 and 26, West Virginia Workmen's Compensation Act, Ch. 15P, Code 1923) and cites Esque v. City of Huntington, 104 W.Va. 110, 139 S.E. 469, 54 A.L.R. 785.

The Esque decision was rendered in 1927 and was based upon the Compensation Act then in effect, which changed the common

law rule by making municipal corporations liable to their employes for damages suffered by reason of accidental personal injuries sustained while engaged in governmental functions. In 1937 the Legislature of West Virginia changed this law and specifically excepted all political subdivisions of the State of West Virginia from liability under the act. West Virginia Code 1937, § 2518.

In determining whether this is a controversy which is removable to this court, we must look to the complaint. It fails to allege facts showing any cause of action against the resident defendant, City of Williamson. It bases liability upon the Esque case, and the old statute which was repealed in 1937. Therefore, the only cause of action, or controversy, stated in the complaint, is between the plaintiff and the other non-resident defendant, who are citizens of different states.

The motion to remand the case to the state court should be denied, and the motion to dismiss the defendant, City of Williamson, with its costs herein expended, should be sustained. An order may be entered accordingly.