Appeal by the self-insured employer, Board of Education of the City of Hew York, from a decision of the Workmen’s . Compensation Board affirming a referee’s decision to the effect that claimant sustained an accidental injury arising out of and in the course of hazardous employment within the coverage of the statute. (Workmen’s Compensation Law.) Claimant, in the employ of the appellant board as a mechanical engineering *966 draughtsman in the electrical division of its “Bureau of Construction”, sus-; tained injury in accidentally cutting his hand in attempting to open an office window. The employer’s said bureau was charged with “ * * * designing, draughting and inspecting necessary in connection with the construction, additions to, alterations and maintenance of school houses * * (Education Law, § 451, subd. 4.). In the course of his work claimant was occasionally sent out “ in the field ” to render inspection service by inspecting electrical installations in existing school buildings with the objective of their connection with new construction or alterations and in such work it was claimant’s duty to climb step ladders, uncover electrical boxes, count wires, follow circuits and use various tools in that connection. While there was no direct evidence which related the claimant’s work of draughtsmanship, which he was performing when injured, to this latter character of his work, we are of the opinion that the broadness of the definition in subdivision 13 of section 2 of the Act (Workmen’s Compensation Law), could properly be said to sufficiently relate it to a hazardous employment under the coverage of the statute in which the employer was engaged. (Workmen’s Compensation Law, § 3, subd. 1, groups 4, 6, 7, 17; Matter of Leahy v. City of New York, 285 H. Y. 443; Hughes v. City of Búfalo, 208 App. Div. 682.) Decision affirmed, with costs to the Workmen’s Compensation Board. All concur. [See post, p. 980.]