175 So.2d 461

**CITY OF FOLEY**

v.

**Carlie B. TERRY et al.**

**1 Div. 109.**

Supreme Court of Alabama.

May 20, 1965.

Paul W. Brock, Donald F. Pierce and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellant.

James A. Brice, Foley, for appellees.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment for the plaintiffs, the dependent surviving spouse and two dependent surviving children of Tom Terry, deceased, against the City of Foley, Alabama, a Municipal Corporation, under a complaint filed in a workmen's compensation case. Sections 253–313, Title 26, Code of Alabama 1940.

The trial court found the following facts:

"The defendant hired the decedent to work for it at a regular salary of $40.00 per week; that on May 4, 1959, the decedent was placed in the swimming pool to clean and disenfect the swimming pool and in so doing used a commercial compound containing chlorine gas; that the defendant [decedent] was under the direct supervision and subject to the orders of Mr. Roberts, who was an agent of the defendant, acting within the line and scope of his employment; that said employment was also under the supervision of Mr. Roger Lee Kirkland, a member of the Town Council of the defendant; that the decedent worked all day on May 4, 1959, and at the end of the work day found that his breathing was affected; that he immediately called Doctor Julius Michaelson, complaining of his injuries; that the following morning he reported his condition to the said Mr. Roberts, who placed him in the hospital at Foley, Alabama, under the care of Doctor Julius Michaelson; that his condition continued and grew worse from time to time until September 7, 1959, when he died; that the defendant [decedent] was in and out of the hospital during his lingering illness, and was in the hospital at the time of his death; that prior to May 4, 1959, the decedent was an athletic type, robust man, in apparent good health; that according to the testimony of Doctor Michaelson, decedent was affected in his breathing capacity, and that his condition was caused or aggravated by the inhalation of chlorine gas; that there were x-rays made; however, there is shown by the record quite a confusion as to an x-ray made in January of 1959, which has never been accounted for, nor established when it was taken and by whom; that the decedent died on September 7, 1959; that the decedent left surviving him his widow and two dependent children; that the decedent was a resident of Foley, Baldwin County, Alabama, at the time of his injury and also at the time of his death;

"That the defendant, at the time of the injury to the decedent, and at the time of his death, had Workman's Compensation insurance with the Hartford Accident & Indemnity Company; that it was generally considered by all that the work of the decedent came under the Workman's Compensation Laws, and that his rights were governed thereby; that the Workman's Compensation Insurance carrier paid a part of the doctor, medical and hospital expenses until the death of the decedent, after which it refused to make any payments; that the defendant had elected to come under the Workman's Compensation Laws of the State of Alabama, and had secured insurance for its protection; that the decedent suffered personal injuries in the line and scope of his employment; that such personal injuries were caused by an accident;

"That the act which caused the personal injuries arose out of and in the course of the employment of the decedent, while acting in the line and scope of his employment;

"That the said accident was an approximate contributing cause, acting upon the decedent to produce his disability and death;

"That the defendant had actual notice of the accident and injuries to the decedent;

"That the work in cleaning and disinfecting the swimming pool was a proprietary act on the part of the defendant and not a government function."

The complaint in this cause was filed in the Circuit Court of Baldwin County, Alabama, on May 26, 1960. On March 22, 1961, the complaint was amended. Demurrers were filed to the original complaint and overruled. The demurrers were refiled, with amendments thereto, to the complaint as amended, and were also overruled. The defendant then interposed its answer admitting certain allegations of the amended complaint and denying others. The answer also raised legal questions which we will dispose of herein below. Suffice it to say, the evidence introduced in the court below is sufficient to sustain the finding of facts made by the lower court, except as herein noted. The rule has long been settled that on certiorari to review judgments in compensation cases, this court does not look to the weight of the evidence as to facts found by the trier of facts, and will only determine if there is any evidence, or reasonable inference therefrom, to support the finding. Queen City Furniture Co. v. Hinds, 274 Ala. 584, 150 So.2d 756.

There are numerous assignments of error but only those argued in brief will be treated in the opinion. Assignments not argued in brief are presumed waived. Rule 9, Revised Rules of the Supreme Court of Alabama.

We will now dispose of the legal questions presented by the record.

Subsection (d) of Section 262, Title 26, Code of 1940 (1958 Recompiled Code of Alabama) provides as follows:

"* * * (d) The term 'employer' as used herein shall mean every person not excluded by section 263 of this title who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and shall include any person or corporation, copartnership, or association, or group thereof, and shall if the employer is insured, include his insurer as far as applicable and shall not include one who regularly employs a number less than eight in any business."

Section 263 of Title 26, Code of 1940 (1958 Recompiled Code of Alabama), provides:

"Articles 1 and 2 of this chapter shall not be construed or held to apply to * * * any county, city, town, village or school district. Any employer * * or any county, city, town, village or

school district may accept the provisions of articles 1 and 2 of this chapter by filing written notice thereof * * and provided further, that said employers who have so elected to accept the provisions of articles 1 and 2 of this chapter may at any time withdraw the acceptance by giving like notice of withdrawal. * * * "

■ Admittedly, at all times pertinent to this review the City of Foley was operating under the Alabama Workmen's Compensation Act. However, the City claims that the Workmen's Compensation Act did not cover the employees of the new Foley Park. But there is nothing in the record to support this contention. In other words, there is no evidence to indicate that the City of Foley made any attempt to classify its employees, admitting, for the sake of argument only, that it could do so. We do not think the legislature intended to limit the application of the Compensation Act to municipalities while engaged only in proprietary functions.

In 54 A.L.R. 788, Annotation "Municipal corporation as an employer within Workmen's Compensation Act," it is stated:

"The contention has been made where the statute expressly includes municipalities within its operation, that the act would have no application when the services were performed in the exercise of a governmental function. However, the courts have very generally refused to uphold this contention where there was nothing in the act indicating any intention so to classify municipal employees. Atlanta v. Hatcher (1924) 31 Ga.App. 633, 121 S.E. 864; Hughes v. Buffalo (1924), 208 App.Div. 682, 203 N.Y.Supp. 391; ESQUE v. HUNTINGTON (reported herewith) ante, 785 [104 W.Va. 110, 139 S.E. 469]."

This Court is in agreement with the reasoning in the above-cited case of Hughes v. City of Buffalo, supra, which was a proceeding under the Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, where the New York Supreme Court (Appellate Div.) said:

"* * * If the Legislature had intended to withhold liability from a municipality while in the performance of its governmental function as a state agency, such intent would have been indicated by phraseology very different from that actually employed. * * "

■ Appellant cites many cases to the effect that municipalities are immune from suit by third parties for injuries or death caused by the negligence of municipal employees while said employees are acting in a governmental capacity. These authorities are inapt. This argument seems to be based on the theory that Section 14 of Article I of the Constitution of Alabama 1901 provides that the state can never be made a party-defendant in any court of law or equity, and that a municipality is a mere agency of the state. The argument is fallacious. Our decisions are to the effect that municipalities are such agencies of the state as may be subject to suit. Such constitutional immunity was intended for the protection of "immediate and strict governmental agencies of the State, as its State Board of Administration, State Docks Commission, Alabama Polytechnic Institute, the University of Alabama, the State Insane Hospital, and other mere governmental agencies." See Ex parte Board of School Commissioners of Mobile County (Daves et al. v. Rain), 230 Ala. 304, 161 So. 108, and cases therein cited.

■■ It is true that the operation of a swimming pool is generally considered under our cases as a governmental function. City of Decatur v. Parham, 268 Ala. 585, 109 So.2d 692. Mathis v. City of Dothan, 266 Ala. 531, 97 So.2d 908. See also "Municipal operation of bathing beach or swimming pool as a governmental or proprietary function, for purposes of tort liability" in 55 A.L.R.2d 1434. It is also true that the trial court found that the operation of the swimming pool in question was a proprietary function. But whether or not the op-

eration of the swimming pool was a governmental function or a proprietary function makes no difference, as we have demonstrated. The finding of the trial court of the fact that the operation of the swimming pool was a proprietary function was, at most, harmless error.

Appellant contends that no claim was presented to the City of Foley as provided by Sec. 476, Title 37, Code of 1940, and that no sworn statement was filed showing the day, time, place and manner of injury, as well as the damages claimed, as required by Sec. 504, Title 37, Code of 1940. Obviously, the complaint, as amended, which was sworn to, did comply with Sec. 296 of Title 26, Code 1940, and, as a consequence, a holding by this Court that Tom Terry was covered by the Workmen's Compensation Act of Alabama renders Sections 476 and 504, supra, inapplicable. Moreover, we are clear to the conclusion that under the facts of this case notice of the accident was waived by the City of Foley's admission that Tom Terry's immediate supervisor took Terry to the hospital the day after he was injured, and the City, through its workmen's compensation insurance carrier, paid a part of his doctor, medical and hospital bills until Terry died. So, if Terry was covered by the Workmen's Compensation Act, the complaint and the amendment thereto were filed in time, Davis v. Standard Oil Co., 261 Ala. 410, 74 So.2d 625, and it was not necessary to comply with either Sections 476 or 504, supra.

Appellant filed several special pleas. Appellees demurred to each plea but obtained no ruling thereon, and joined issue. Appellant contends that the pleas were proven, and, even if the pleas are found to be immaterial, judgment should have been entered for the appellant thereon. We see little merit in this argument. We adhere to the principle declared in Ex parte National Pipe & Foundry Co., 213 Ala. 605, 105 So. 693, that the compensation law should be liberally construed in furtherance of the humanitarian purposes leading to its enactment; and that pleading under the act was not intended to be cast in the technical precision of the common law, or tested by the refined objections of hypercriticism. See also Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N. R. Co., 208 Ala. 216, 94 So. 289, and Ex parte Taylor, 213 Ala. 282, 104 So. 527; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

We find no error in the record and the case is due to be, and is, affirmed.

Affirmed.

LAWSON, GOODWYN and COLEMAN, JJ., concur.