**Farrel WATERS, Plaintiff,**

**v.**

**BALDWIN COUNTY; Baldwin County Commission, Defendants.**

**Civil Action No. 95–1023–P–C.**

United States District Court,
S.D. Alabama,
Southern Division.

June 20, 1996.

Christopher E. Krafchak, Gardner, Middlebrooks & Fleming, P.C., Mobile, AL, for plaintiff.

M. Kathryn Knight, Mobile, AL, for defendants.

*ORDER ADOPTING IN PART THE MJ'S REPORT AND RECOMMENDATION*

PITTMAN, Senior District Judge.

This matter is before the court on a Report and Recommendation issued by the Magistrate Judge (MJ) (tab 18) which recommends that defendants' motion to dismiss be granted to the following extent:

1. All claims against defendants White and Calhoun in their individual capacities should be dismissed; all claims against them in their official capacities should be dismissed as redundant, unless plaintiff can show otherwise.

2. All claims against defendant Baldwin County EMD should be dismissed.

3. Count Three of the Complaint for declaratory and injunctive relief under state law should be dismissed, without prejudice to plaintiff's filing an amended complaint not later than thirty days subsequent to the order of dismissal.

4. Plaintiff's request for punitive damages should be stricken.

No objection has been made to the MJ's recommendations numbered 3 and 4 above, and this court agrees with the MJ that Count Three should be dismissed and plaintiff's claim for punitive damages should be stricken. Accordingly, the MJ's recommendations numbered 3 and 4, with their accompanying discussions, are ADOPTED as the opinion of this court.

With regard to the MJ's recommendations numbered 1 and 2, plaintiff has filed objections (tab 20), and defendants have responded to those objections (tab 21). Having reviewed *de novo* the portions of the Report and Recommendation to which plaintiff has objected, the court concludes that defendant Baldwin County EMD should be dismissed. The court concludes further that defendants White and Calhoun should be dismissed in their official capacities with respect to all claims, and should be dismissed in their individual capacities, but only with respect to the ADA claim (Count One). Accordingly, the MJ's recommendation numbered 2, with its accompanying discussion, is ADOPTED as the opinion of this court, and recommendation numbered 1 is ADOPTED IN PART.

The following discussion will clarify how this court's opinion differs from the MJ's recommendation.

### FACTUAL BACKGROUND

The court adopts in full the MJ's recitation of the facts of this case.

### DISCUSSION

The questions facing this court are 1) whether the individual defendants named in the complaint, Frostie White ("White") and Byron Calhoun ("Calhoun"), can be sued in their individual and/or official capacities under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12102, or under Title I of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601; and 2) whether the defendant, Baldwin County Environmental Management Department ("EMD"), should be dismissed from the suit. The court will address these questions in numerical order.

1. *Defendants White and Calhoun*

In its motion to dismiss (tab 8), which was referred to the MJ for review, defendants moved to have Calhoun and White dismissed in their *individual* capacities from plaintiff's claim under the *ADA*. Defendants never mentioned the FMLA claim or the defendants in their official capacities. Plaintiff filed a response to the motion (tab 15) in which he conceded that "White and Calhoun may not be held liable in their individual capacities under Title VII or the Family Medical Leave Act." Plaintiff went on to state that, "[h]owever, they are liable in their official capacities as to Plaintiffs claims under Title VII and the Family Medical Leave Act." Defendants filed a reply brief in support of their motion to dismiss in which they asserted that their motion should be granted because of plaintiff's concession.

The MJ recommends that White and Calhoun be dismissed from all claims, including the FMLA claim, in both their official and individual capacities. With respect to White and Calhoun in their official capacities, the MJ reasons that it is redundant to sue both the employer, Baldwin County, and plaintiff's

supervisors, White and Calhoun. Plaintiff argues that is not redundant because Baldwin County and plaintiff's supervisors can be considered joint employers of plaintiff for purposes of both the ADA and FMLA.

However, at least in Title VII suits, as defendants have pointed out, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York Dep't of Social Services*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611 (1978); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir.1991) ("We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.") The court finds there is no need for plaintiff to sue both his employer and his supervisors in their official capacities because of the law of agency. Therefore, although defendants did not move to dismiss White and Calhoun in their official capacities from either the ADA or the FMLA claim, the MJ properly dismissed them in the interest of efficiency from both claims.

With respect to White and Calhoun in their individual capacities, plaintiff argues first that in his response to the motion to dismiss, he inadvertently conceded that they should be dismissed. Second, plaintiff contends that White and Calhoun should not be dismissed from the FMLA claim because they are "employers" for purposes of potential liability under the FMLA.

The court agrees that White and Calhoun should not be dismissed in their individual capacities from plaintiff's claim under the FMLA. Defendants never moved to have White and Calhoun dismissed in their individual capacities from plaintiff's claim under the FMLA, and moreover, defendants have not shown that White and Calhoun are not "employers" under the FMLA. Therefore, defendants have not shown that plaintiff has failed to state a claim against White and Calhoun under the FMLA.

In their motion to dismiss, defendants moved to dismiss White and Calhoun from the ADA claim only. There was no mention of the FMLA claim. It was plaintiff who offered that the FMLA claim should be dismissed when he filed his response to the motion to dismiss. Because defendants never asked the court to dismiss the FMLA claim, this court finds that the MJ's recommendation that all claims against White and Calhoun should be dismissed was in error.

Defendants now ask that the court hold plaintiff to his concession that the FMLA claims should be dismissed. Plaintiff argues that when he made that concession, he did not intend that White and Calhoun be dismissed in their individual capacities under the FMLA. The court reads this to mean that plaintiff intended to concede that the ADA claim should be dismissed against White and Calhoun, but not the FMLA claim. Given that defendants never moved to dismiss the FMLA claim, the court will not hold plaintiff to a concession that it should be dismissed. Plaintiff has explained sufficiently what he intended to state.

Whether an employee's supervisor can be sued in his or her individual capacity under the FMLA is a question of first impression in this circuit. The FMLA entitles employees to "take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). The FMLA allows employees to sue employers for interfering with the entitlement to take leave. The act describes "employer" in the following manner:

> (4) Employer. (A) In general. The term "employer"—
>
> > (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
> >
> > (ii) includes—
> >
> > > (I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer; and

(III) includes any "public agency"....

29 U.S.C. § 2611(4)(A). Defendants assert that because White and Calhoun are not "employers", they cannot be sued under the FMLA. In support, defendants argue that courts in Title VII cases have consistently held that supervisors cannot be sued as employers, and that this court should apply that rule. Plaintiff, on the other hand, contends that the Title VII definition of employer should not apply here. Plaintiff cites a case in which a district court in the Seventh Circuit facing this question rejected the Title VII line of cases and instead, applied a line of cases under the Fair Labor Standards Act in which "employer" is generally interpreted more broadly. *Freemon v. Foley,* 911 F.Supp. 326 (N.D.Ill.1995).

The court finds that the plain language of section 2611(4)(A)(ii)(I) of the FMLA includes White and Calhoun as employers of plaintiff. The court also finds that the reasoning set forth by the court in *Freemon* is persuasive. In *Freemon,* the court stated:

> The defendants argue that we should look to these other employment discrimination statutes for guidance in interpreting the FMLA. However, the definition of an "employer" under Title VII, the ADEA, and the ADA differs from that used in the FMLA. The former statutes define an employer as a person engaged in an industry affecting commerce who employs a certain number of people, "and any agent of such person." 42 U.S.C. § 12111(5)(A) (ADA), § 2000e(b) (Title VII); 29 U.S.C. § 630(b) (ADEA). In contrast, the FMLA extends employer status to "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. 2611(4)(A)(ii)(I). Rather than mirroring these discrimination statutes, the FMLA tracks word for word the definition used in the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d) ..., 29 C.F.R. § 825.104(d) (noting equivalence of FMLA's and FLSA's definition of employer). Thus, given the parallel between

these two statutes, we look to the FLSA—rather than the aforementioned statutes—to enlighten our interpretation of the term "employer" under the FMLA.

911 F.Supp. at 330. This court agrees with the above interpretation of "employer" under the FMLA. As cited in *Freemon,* 29 C.F.R. § 825.104(d) states that the definition of employer is the same under the FLSA and FMLA, and furthermore, that "[a]s under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of the FMLA." In applying FLSA cases, the court in *Freemon* found that three supervisory defendants could be considered employers under the FMLA if they had exercised some control over the plaintiff's ability to take protected leave. *Id.* at 332. Accordingly, the court denied summary judgment as to those defendants.

At least two other district courts have found that the FMLA definition of employer could include supervisory individuals. In *Reich v. Midwest Plastic Engineering, Inc.,* 1995 WL 478884 (W.D.Mich.1995), the defendant at issue was the president of the company that employed the plaintiff. The court looked to FLSA cases to determine whether the president was an employer for purposes of the FMLA, and decided that he was. *Id.* at *5. Similarly, in *McKiernan v. Smith–Edwards–Dunlap Co.,* 1995 WL 311393 (E.D.Pa.1995), the court rejected one supervisory defendant's argument that he was not an employer and thus should be dismissed under the FMLA. In applying FLSA cases, the court found that a person who has the authority to hire and fire may be considered an employer, and that without further development of the facts, it could not be determined whether the supervisory defendant was an employer within the meaning of the FLSA cases.

This court finds that like *Freemon, Reich,* and *McKiernan,* FLSA cases should apply to the determination of whether defendants White and Calhoun are "employers" under the FMLA and thus can be sued under that statute in their individual capacities. *See Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir.1991) (corporate officer found to

be "employer" under FLSA standard for purposes of FMLA liability). Until the facts are developed further, the court cannot make such a determination, and therefore, it is proper to deny defendants' motion to dismiss with respect to this claim.

Although defendants have provided the court with the Department of Labor's comments clarifying the FMLA, the court finds that they do not apply here. The comments state that the definition of "employer" is intended to be interpreted the same way Title VII cases interpret it. However, the court finds that those comments address the question of whether to treat separate entities as a single employer, not the question present in this case of whether a supervisory individual acting in the interest of the employer should be treated as an employer. The regulations codified at 29 C.F.R. § 825.104 discuss these two issues separately, *id.* at (c) and (d), and courts should also address them separately.

Given the above-discussed case law and regulatory guidance in interpreting the definition of "employer" under the FMLA, the court cannot conclude that plaintiffs claim against White and Calhoun under the FMLA should be dismissed for failure to state a claim. Therefore, the motion to dismiss is due to be denied with respect to this issue; accordingly, the court does not adopt the MJ's recommendation on this issue.

### 2. *Defendant EMD*

The MJ recommended that defendant EMD be dismissed because a department within a county government does not have the capacity to be sued. *See Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992). Plaintiff objects to EMD's dismissal on the basis that EMD and Baldwin County can be considered joint employers of plaintiff for purposes of both the ADA and FMLA, and that it cannot be determined at this point which "joint employer" exercised control over plaintiff's employment.

The court finds that regardless of the control issue, defendant EMD lacks the capacity to be sued, and furthermore, that as discussed above with respect to defendants White and Calhoun, the law of agency makes it unnecessary to sue both Baldwin County and EMD. *See Monell,* 436 U.S. at 690 n. 55, 98 S.Ct. at 2036; *Busby,* 931 F.2d at 772. Therefore, the motion to dismiss is due to be granted with respect to this issue; accordingly, the court adopts the MJ's recommendation on this issue.

## CONCLUSION

Consistent with the above discussion, the court ADOPTS IN PART the MJ's Report and Recommendation as the opinion of this court. The court ADOPTS the MJ's recommendation that the motion to dismiss be GRANTED, as follows: 1) that defendants White and Calhoun be dismissed in their individual capacities from the ADA claim (Count I), 2) that defendant EMD be dismissed from all claims, 3) that Count III be dismissed without prejudice, and 4) that plaintiff's punitive damages claim in Count I be stricken from the complaint. The court ALSO ADOPTS the MJ's recommendation that defendants White and Calhoun be dismissed in their official capacities from all claims. The court, however, DOES NOT ADOPT the MJ's recommendation that defendants White and Calhoun be dismissed under the FMLA in their individual capacities.

## *REPORT AND RECOMMENDATION*

CASSADY, United States Magistrate Judge.

Defendant's motion to dismiss, or in the alternative, to strike portions of the complaint, filed January 31, 1996 (Doc. 8), was referred to the undesigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 26 and the Court's standing order of general reference. Oral argument was held on March 20, 1996, and after considering the arguments presented by counsel and the briefs contained in this record, it is determined that the motion to dismiss should be granted in part.

### *FINDINGS OF FACT*

1. Plaintiff's employment action against the defendants contains three claims. One is

for relief under the Americans With Disabilities Act (ADA) (Count I), one is for relief under the Family Medical Leave Act (FMLA) (Count II), and finally, plaintiff seeks injunctive relief against Baldwin County, Alabama pursuant to Article I, Section 14 of the Alabama Constitution.

2. The defendants named are Baldwin County, County Commission of Baldwin County, Baldwin County Environmental Management Department, Frostie White and Byron Calhoun. The Baldwin County Environmental Management Department is described by plaintiff as a department of Baldwin County, Alabama. (Complaint, ¶ 7).

3. Frostie White is described as the director of the Baldwin County Environmental Management Department and Byron Calhoun is described as the personnel director for the Baldwin County Commission.

4. Mr. Waters alleges in his complaint that he was hired by the Baldwin County Highway Department on April 15, 1991. In 1992, he was transferred to the parts department where he was a laborer, then an Operator Technician I. In 1993, he was transferred to the Department of Environmental Management and was assigned duties as an Animal Control Technician.

5. Mr. Waters also alleges that he has been an insulin-dependent diabetic for twenty-five years and that the defendants were aware of his condition. He also alleges that on June 5, 1994 he was criminally assaulted, severely beaten and continues to be under a doctor's care that has required hospitalization and major surgery, which included several operations on his eyes.

6. Mr. Waters was terminated on July 12, 1994, because of "excessive absenteeism". He now seeks declaratory and injunctive relief, compensatory and punitive damages and an award of costs and attorney's fees under the ADA and the FMLA. In addition to these remedies, he also seeks, under Alabama law, declaratory and injunctive relief in the nature of requiring the defendants to comply with the Baldwin County personnel policies and procedures.

7. Defendants seek to have the claims against White and Calhoun in their individual capacities dismissed under Count I; to dismiss all requests for punitive damages against Baldwin County, the Baldwin County Commission, and the Environmental Management Department of Baldwin County; to dismiss all claims against the Baldwin County Environmental Management Department; and to dismiss Count III of the Complaint in its entirety due to the fact that plaintiff has failed to state a claim upon which relief can be granted. (Doc. 8).

8. In plaintiff's response to the motion to dismiss filed March 18, 1996 (Doc. 15), plaintiff concedes that defendants White and Calhoun may not be held liable in their individual capacities under ADA or the FMLA and further that his request for punitive damages sought against Baldwin County, Alabama and the Baldwin County Environmental Management Department should be stricken. He contests the dismissal of claims against White and Calhoun in their official capacities, the dismissal of the claims as to the Baldwin County Environmental Management Department, and the argument that the state law request for declaratory and injunctive relief as stated in Count III of the Complaint is not viable. (Plaintiff's Response to Defendants' Motion to Dismiss, Doc. 15).

### CONCLUSIONS OF LAW

A. *Standards Applicable to Motions to Dismiss.*

1. When reviewing a motion to dismiss, the Court should "accept as true the facts stated in the complaint and all reasonable inferences therefrom." *Jackson v. Okaloosa County, Florida,* 21 F.3d 1531, 1533–34 (11th Cir.1994).

2. A dismissal of any portion of plaintiff's complaint is only appropriate "if it is clear that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.,* quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

B. *Claims Against White and Calhoun In Their Individual Capacities.*

1. In his response to the motion to dismiss, plaintiff expressly "concedes that de-

fendants White and Calhoun may not be held liable in their individual capacities under Title VII or the Family Medical Leave Act." (Response to Defendants' Motion to Dismiss, ¶ IIA). Accordingly, for the reasons stated in defendants' brief in support of their motion to dismiss, the claims against White and Calhoun in their individual capacities should be dismissed.

2. The official-capacity claims against White and Calhoun are technically sufficient because they constitute " 'another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978)). They are subject to being stricken as redundant, however, as discussed herein.

### C. *Punitive Damages as to Baldwin County, Alabama.*

1. Plaintiff concedes that punitive damages are not available against Baldwin County, Alabama, or its department, the Baldwin County Environmental Management Department. Accordingly, plaintiff's demand for punitive damages should be stricken from his complaint.

### D. *Capacity of a County Department to be Sued.*

1. Defendants moved to dismiss the Baldwin County Environmental Management Department on the ground that it does not have the capacity to be sued. Rule 17(b), Federal Rules of Civil Procedure; *see Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992) (The capacity to be sued is determined by state law, and under Alabama law, a county sheriff's office lacks the capacity to be sued).

2. Plaintiff has alleged that the Baldwin County Environmental Management Department is a department of Baldwin County, Alabama, and that allegation has been admitted in defendants' answer. (Complaint, ¶ 7; Answer, ¶ 7). Thus, it is clear that the suit against this department and its director in his official capacity is nothing more than a suit against Baldwin County, Alabama. The motion to dismiss all claims against this department is therefore well taken.

### E. *Declaratory and Injunctive Relief Under Alabama Law.*

1. Plaintiff has sought to state a claim for declaratory and injunctive relief pursuant to Article I, § 14 of the Alabama Constitution. This sovereign immunity clause of the Alabama Constitution does not immunize state officers from all suits, particularly actions brought to compel state officials to perform their legal duties or ministerial acts. Plaintiff has failed, however, to show that Alabama law would consider a county government or any of its actors as state agents. *See City of Foley v. Terry,* 278 Ala. 30, 34, 175 So.2d 461 (1965) (Municipalities are not covered by the state sovereign immunity clause).

2. Additionally, it is unclear as to why injunctive relief under Alabama law is necessary when the same relief is being sought pursuant to Counts I and II.

3. Although it is clear that plaintiff's claim under the sovereign immunity clause is unavailable, the movant has not shown that it is beyond doubt that there is no other basis under Alabama law for seeking declaratory and injunctive relief against a county government. The motion to dismiss, as to Count III, should therefore be granted, without prejudice to plaintiff being afforded an opportunity, not to exceed thirty days, in which to amend the complaint and show that an available remedy under state law exists and that its inclusion in the complaint is not redundant to the claims pled in Counts I and II.

### F. *Unnecessary Defendants?*

1. Defendants also argue that to allow this action to proceed against White and Calhoun in their official capacities is redundant. The complaint clearly evidences a suit against Baldwin County, Alabama, and a separate suit against Baldwin County, Alabama, and a separate suit against one of its departments and two of its agents in their official capacities which is unnecessary where, as here, the County government is sued direct-

ly. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 and n. 14, 105 S.Ct. 3099, 3105–05 and n. 14, 87 L.Ed.2d 114 (1985).

2. Since the official-capacity claims against White and Calhoun are deemed nothing more than a restatement of the claims asserted directly against Baldwin County, Alabama, they are redundant.

3. Rule 12(f) of the Federal Rules of Civil Procedure specifically authorizes the striking of redundant matters from a complaint. The removal of these unnecessary defendants would certainly help to avoid confusion over the parties and the nature of the claims against Baldwin County.

## CONCLUSION

It is therefore recommended that defendants' motion to dismiss be granted to the following extent:

1. All claims against defendants White and Calhoun in their individual capacities should be dismissed;

2. All claims against the Baldwin County Environmental Management Department should be dismissed;

3. Count Three of the Complaint for declaratory and injunctive relief under state law should be dismissed, without prejudice to plaintiff's filing an amended complaint not later than thirty days subsequent to the order of dismissal; and

4. Plaintiff's request for punitive damages should be stricken.

Additionally, it is recommended that retention of the redundant claims against White and Calhoun in their official capacities be discussed during the upcoming Rule 16 conference. If plaintiff can show no reason for retaining White and Calhoun as defendants, the claims against them should be stricken as redundant matter.