On Application for Rehearing

CRAWLEY, Judge.
The opinion of this court issued on November 16, 2001, is withdrawn, and the following is substituted therefor.
Vandella Davis (“the worker”) appeals from the dismissal of her complaint seeking workers’ compensation benefits from the Fayette County Commission (“the county”). The facts of this case are not in dispute.
On February 24, 1999, the worker, a clerical employee with the county, was working on her computer when she received an electrical shock. She alleged that, as a result of the shock, she suffered pain and injury to various parts of her body, including her ear, head, neck, and arm. She informed her employer by giving oral notice of her injury to her supervisor. She did not present a claim to the county, pursuant to § 6-5-20, Ala. Code 1975, within the time specified in § 11 — 12— 8, Ala.Code 1975, before suing the county for workers’ compensation benefits on February 17, 2000. The county is subject to the provisions of the Workers’ Compensation Act. See § 11-26-1, Ala.Code 1975.
The trial court dismissed the worker’s complaint because she had failed to comply with § 6-5-20 and § 11-12-8. On appeal, the worker argues that her compliance with the notification provision of the Workers’ Compensation Act, § 25-5-78, Ala.Code 1975, is sufficient and that compliance with the presentment-of-claim statute applicable to counties, § 6-5-20, and with the nonclaim statute applicable to counties, § 11-12-8, is unnecessary. We agree.
The requirement under the Workers’ Compensation Act that a worker notify her employer in the event of a work-related accident is found in § 25-5-78. That section provides:
“For purposes of this article only, an injured employee or the employee’s representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee’s dependent shall not be entitled to physician’s or medical fees nor any compensation which may have accrued *52 under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death.”
The presentment-of-claim statute applicable to counties is found in § 6-5-20. That section provides:
“(a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.
“(b) The failure or refusal of such a county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance.
“(c) Proof of the fact of presentation of such claim to such county commission may be made by parol evidence.”
The nonclaim statute applicable to counties is found at § 11-12-8. It provides:
“All claims against counties must be presented for allowance within 12 months after the time they accrue or become payable or the same are barred, unless it be a claim due to a minor or to a lunatic, who may present such claim within 12 months after the removal of such disability.”
Our supreme court has never decided whether a county worker who is injured on the job must comply with the notice provisions of § 6-5-20 and § 11-12-8, or whether the worker need comply only with the notice provisions.of the Workers’ Compensation Act. In an analogous case, however, the court has held that it is sufficient for a city worker who is injured on the job to comply only with the notice provisions of the Workers’ Compensation Act. See City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461 (1965).[1]
In Terry, a city employee suffered an on-the-job injury that resulted in his death. The employee had given the City notice of his injury pursuant to the Workmen’s Compensation Act. The City had taken him to the hospital after he was injured and had paid some of his medical expenses. His widow and dependent children sued the City to recover benefits under the Workmen’s Compensation Act. In answer to the argument that the presentment-of-claim statute applicable to municipalities (then found at Title 37, § 504, Ala.Code 1940) and the nonclaim statute applicable to municipalities (then found at Title 37, § 476, Ala.Code 1940) prevented recovery under the Workmen’s Compensation Act, the Alabama Supreme Court held that compliance with those provisions was not required. The court stated:
“Obviously, the complaint, as amended, which was sworn to, did comply with [the notice provision of the Workmen’s Compensation Act], and, as a consequence, a holding by this Court that [the worker] was covered by the Workmen’s *53 Compensation Act of Alabama renders Sections 476 [of Title 37, the predecessor to § 11-47-23, the municipal non-claim statute] and 504 [of Title 37, the predecessor to 11-47-192, the municipal presentment-of-claim statute] inapplicable.”
278 Ala. at 34, 175 So.2d at 464. The court continued to state, in dicta, that “notice of the accident was waived” when the City admitted that the employee’s supervisor had transported the employee to the hospital and the City’s workmen’s compensation carrier had paid a portion of the employee’s medical expenses. The holding of Terry, however, is that the employee’s failure to comply with two notice provisions found outside the Workmen’s Compensation Act does not bar recovery of compensation when the employer had notice as provided inside the Workmen’s Compensation Act. Terry applies to the analogous notice provisions applicable to counties. This court and the supreme court have recognized the uniqueness of the Workers’ Compensation Act; the supreme court has said that the Act “creates rights ... remedies ... and procedures all [its] own.” Riley v. Perkins, 282 Ala. 629, 632, 213 So.2d 796, 798 (1968). The Act is a specific and comprehensive system of law for dealing with workplace injuries. As such, it trumps general laws that might, at first glance, seem to apply. Cf. Fulmer v. United States, 83 F.Supp. 137, 151 (N.D.Ala.1949), in which the court observed:
“It is settled law that where [a legislative body] over a period of time through many enactments has dealt with a particular subject matter in such a manner as to create a complete and comprehensive system of law ..., subsequent or even prior statutes of general application, which might otherwise apply, are held to be inapplicable to the special subject matter.”
See also Dollar v. City of Ashford, 677 So.2d 769 (Ala.Civ.App.1995) (holding that a municipality is liable, under § 25-5-11.1, for the retaliatory discharge of an employee, even though § 11-47-190 provides municipalities with immunity from liability for intentional torts).
We hold that a worker asserting a workers’ compensation claim against a county need not comply with either the presentment-of-claim statute applicable to counties, § 6-5-20, Ala.Code 1975, or the non-claim statute applicable to counties, § 11-12-8, Ala.Code 1975, provided the worker gave the county notice pursuant to § 25-5-78.
The judgment of the Fayette Circuit Court is reversed and the cause is remanded.
OPINION OF NOVEMBER 16, 2001, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. The county argues that Large v. City of Birmingham, 547 So.2d 457 (Ala.1989), and Fortenberry v. Birmingham, 567 So.2d 1342 (Ala.1990), which require that city workers comply with the municipal notice-of-claim statutes, supersede Terry. We disagree. In Large and Fortenberry, the workers were not seeking benefits under the Workers’ Compensation Act because that Act did not then (and does not currently) apply to employees of a municipality with a population over 250,000. See § 25-5-13(b), Ala.Code 1975; Peters v. Board of Managers of City of Birmingham Retirement and Relief System, 624 So.2d 1367, 1370 (Ala.1993).