[Civ. No. 12738. First Dist., Div. Two. Oct. 17, 1944.]

PACIFIC EMPLOYERS INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ERNEST J. BRACCHI et al., Respondents.

·W. N. Mullen for Petitioner.

Everett A. Corten and Dan Murphy, Jr., for Respondents.

NOURSE, P. J.—The petitioner as the insurance carrier of a general employer seeks to review an award of the respondent commission based upon a holding that the general and the special employers were both liable for payment of compensation. Both being fully covered by compensation insurance, the award was made against the two insurance carriers.

Viewing the evidence in the light most favorable to respondent, as we are required to do in a proceeding of this nature, it appears that Dinwiddie Construction Company held a general contract to perform certain work for a cement company in Davenport in Santa Cruz County. In the course of its operations Dinwiddie let a subcontract to W. R. Ballinger & Son on a cost plus basis. Under the terms of this contract Dinwiddie agreed to and did furnish its own employees to help the°employees of Ballinger in the work under the subcontract. All these employees were carried on the Dinwiddie payroll and were paid by Dinwiddie checks. Prior to the time of the accident no one of these employees had been carried on the Ballinger payroll, and all had been under the direct supervision and control of Dinwiddie.

A short time before the accident Ballinger had completed its work under the subcontract and had removed from the premises all the men and equipment with the exception of two men and two trucks. These, on the special request of Dinwiddie, were permitted to remain a few days to clean up and to remove some other equipment to the plant of another cement company in the vicinity. The injured employee, who was then on the regular payroll of Dinwiddie, was directed by Dinwiddie's superintendent to assist the two employees of Ballinger and in the course of this work he suffered the injuries on which the award was based. During all this work the employee was under the direction of Dinwiddie's superintendent. The two employees of Ballinger with whom he was working at the time of the injuries were under the same di-

rection, the Ballinger superintendent and foreman having left the premises with the rest of their crew several days previously.

When the applicant was injured the superintendent and timekeeper for Dinwiddie arranged hospitalization and medical care, but later in the same day they took the position that he was an employee of Ballinger and so notified the doctor and the hospital. Dinwiddie then requested Ballinger to pay his wages for the day and to assume the responsibility of his injury. This was done and the payrolls were readjusted to show that the injured employee was on the Ballinger payroll on the day of the injury, and medical care was furnished the employee for several months at the expense of Ballinger's insurance carrier.

The evidence as to the employer-employee relation presents a case in which Dinwiddie was the general employer having the right of control and exercising that right at the time of the injury. Whether Ballinger was a special employer we need not decide since they have assumed liability and do not question the award. The argument of petitioner that the applicant was not in their employ at the time because he was helping the two employees of Ballinger and under their control is not impressive. The evidence was such that it would support an inference that all three were under the direction and control of Dinwiddie.

The petitioner complains of the amount of the award claiming it should have been based on the rate of pay of a laborer rather than on the rate of a truck driver. The evidence here is not in conflict. The applicant had been regularly employed as a truck driver and had been paid as such. On the day of the accident he was directed by his superintendent to help two other truck drivers. No arrangement was made for a different rate of pay. His contract called for truck driver's pay even when assigned to other work. The act of these employers in sending him a check for that day at the laborer's rate was a mere subterfuge since he worked but a part of the day and had no knowledge that the check was not based upon his usual daily rate of pay.

The argument of petitioner that the commission erred in basing its award upon a finding of permanent disability rests upon citations from the testimony of one of the examining physicians. Reference to the testimony of the applicant and

of Dr. Moore is sufficient. The applicant was injured in March, 1942. After hospitalization and frequent examinations and treatment, a hearing was held by the commission on September 8, 1943, at which it appeared that the applicant still had trouble with his right knee and left ankle, both of which were injured in the accident.

The writ herein was issued because we were in doubt as to the issue of the applicability of the statute of limitations. The applicant filed a claim with the respondent commission seeking an award against Ballinger and its insurance carrier. Thereafter, and more than six months after the injury, he requested that Dinwiddie and its insurance carrier be joined. Such an order was made and the award against the carriers of both employers followed. The petitioner argues that the commission was without jurisdiction to make any award against it because it was not brought into the proceedings within six months after the date of the injury.

The right to institute proceedings for the collection of benefits under the Labor Code is limited to ''Six months from the date of injury, or from the date of the last payment of any compensation. . . .'' Section 5405. Payment of ''compensation'' within this section includes payment or furnishing of medical care, hospitalization, or other benefits recoverable under the code. The objective policy of this portion of the code is the protection of the injured employee from being lulled into a sense of security by voluntary payments of benefits until the time to commence formal proceedings with the commission has expired. So far as the policy of the statute is concerned it makes no difference whether these benefits are paid under a confession of legal liability or not. The deciding factor is that the employee has been paid and is therefore not moved to commence legal proceedings to enforce his claim.

When acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled and it is immaterial whether the employee relies upon actual fraud or mere estoppel.

A somewhat similar case is *Kimball* v. *Pacific Gas & Elec.*

*Co.,* 220 Cal. 203 [30 P.2d 39]. That was a case involving a general and a special employer. After the employee was injured one of the employers entered into a secret agreement with the other to conceal from the employee the facts of the employment of the fellow servant who caused the injury, and agreed to pay to the other employer one-half of any compensation or benefits awarded on account of the injury. Long after the statutory period the employee sued for damages against the employer who was not named in the proceedings before the Industrial Accident Commission and obtained a verdict. In affirming the judgment the court quoted from *Kane* v. *Cook,* 8 Cal. 449, in which case, after reviewing several cases on the effect of fraudulent concealment, the court said: (p. 461) "In this diversity of opinion on the question, we are free to adopt that rule which will best tend to advance justice, and prevent the perpetration of fraud; and we therefore hold, that in all cases a fraudulent concealment of the fact, upon the existence of which the cause of action accrues, is a good answer to the plea of the Statute of Limitations. By the system of practice adopted in this State, there is no replication to the answer. The fraudulent concealment cannot, therefore, be replied to by pleading, but it may be established by proof on the trial, and will then just as effectually avoid the plea of the statute."

In the Kimball case the court laid special emphasis on the fact that in a case such as this, fraud was not the gravamen of the action but that it consisted of the concealment of facts upon which the cause of action accrued. ■ In that case, as here, the employer concealed from the injured employee the true facts relating to the terms of employment and, in procuring Ballinger to pay the cost of hospitalization, led the employee to believe that all his injuries would be fully taken care of by the party or parties legally liable. All these acts were a fraud upon the injured employee and upon the insurance carrier of Ballinger. The fact that the injured employee may have believed that he was employed by Dinwiddie has no bearing upon the issue of estoppel. The determining fact is that he was led to believe that the benefits were being paid by the party legally liable, and that he was therefore losing none of his legal rights by postponing the filing of his claim with the commission.

■ The respondent commission found that the applicant's

claim against the general employer and its insurance carrier was not barred because they were named as defendants within a reasonable time after the applicant became aware of facts making it reasonable for him to believe that they were proper parties. There is no direct finding on the question of fraudulent concealment of those facts or estoppel. Under the liberal rules of procedure in matters before the commission it was not necessary to plead fraudulent concealment and no express finding was necessary. In support of the award we must assume that the commission relied upon the evidence that Dinwiddie concealed these facts from the applicant and that its finding is equivalent to a finding that it was estopped by its conduct to plead the statute of limitations. No contention is made that liability of the employer under these circumstances does not attach to its insurer and we therefore assume that such liability is conceded by petitioner herein. We find no error in the record which would justify our disturbing the award as made.

The award is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.

Petitioner's application for a hearing by the Supreme Court was denied December 4, 1944.