Mackanitz, Appellant, v. Pittsburgh & West Virginia Railway Co.

Argued April 11, 1945.    Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Francis Taptich,* for appellant.

*Ira R. Hill,* with him *Reed, Smith, Shaw & McClay,*
for appellee.

OPINION BY RENO, J., July 19, 1945:

In this workmen's compensation case appellant, the
widow of a deceased employe of defendant, filed a claim
petition for compensation for the death of her husband,
alleged to have been the result of an accident sustained
by him in the course of his employment as a freight-car
repairman.    Defendant, in its answer, averred that
there was no causal connection between the accidental
injury and the subsequent death, and raised the de-
fense that the claim had been presented too late, deny-
ing the allegations of the petition that the delay had
been occasioned by representations of its agents which

had lulled claimant into inaction. By stipulation of counsel it was agreed to try the latter issue preliminarily, and claimant has appealed from an order of the court below dismissing her appeal from the decisions of the referee and the board holding that it had not been proved that defendant was responsible for the failure of the claimant to file her petition within the statutory period of limitation contained in the following portion of §315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by Act of June 21, 1939, P. L. 520, §1, 77 PS §602: "...... In cases of death all claims for compensation shall be forever barred, ...... unless, within one year after the death, one of the parties shall have filed a petition as provided in article four hereof. ......"

There is no dispute that decedent, Joseph Mackanitz, was injured on April 2, 1942, while carrying a piece of structural steel in defendant's yards, and that he died on August 16, 1942, following an operation. Defendant paid decedent compensation under an open agreement until July 2, 1942, when further payments were discontinued because defendant believed the disability then existing to be the product of a brain tumor rather than the accidental injury, a position which defendant has also taken with respect to Mackanitz' death. The present claim petition was filed August 27, 1943, and the widow attempted to excuse the delay of eleven days longer than the permissible year by showing a course of conduct on the part of defendant's agents which she contended induced her to postpone unduly the institution of proceedings for the adjudication of her claim.

Claimant, who was the only witness on behalf of her petition, testified that two weeks after decedent's death A. B. Cressler, superintendent of shops and purchasing agent for defendant, who had been decedent's supervisor, came to her home to deliver a railroad ticket to Detroit which she had requested and told her not to worry or to start suit for compensation, as the case

would be settled with her and there would be no trouble. About a month later, claimant said, an adjuster for the Workmen's Compensation Bureau called upon her and told her that Thomas J. Cavanaugh, defendant's adjuster in charge of compensation, had said that defendant did not propose to compensate her, and that she should see an attorney and take her case before the referee. She next discussed the matter with defendant's agents on March 1, 1943, when she saw Cressler in his office and told him that she wanted compensation, to which he replied, according to claimant, that he would see what he could do. As nothing was done, claimant testified she returned to Cressler's office six weeks later and was advised that, because her husband had been with the company so long, she would receive $1000 which, on the following day, she said she would take, but that she would like to have more. The next week, according to claimant, Cressler came to her home with a check for $1200, but when she refused to execute a release because the sum was not large enough, she testified Cressler again advised her not to do anything and he would see what he could do. Following that interview, she had no further contact with company officials, and she denied talking with Cavanaugh at any time after her husband's death. The widow also testified that she had received a letter dated July 22, 1943, from a son in the armed service telling her that a lawyer in his unit had advised not to wait too long to file a claim petition, as she only had two years from the date of death to do so. Claimant further said that she had been told by an employe of the Pittsburgh Post Office, from whom many persons sought advice, that she should not hurry to start proceedings against defendant, as she had two years in which that might be done. Claimant vacillated in her testimony as to whether she had delayed her petition in reliance upon Cressler's statements or upon the advice contained in the letter from her son.

Thomas J. Cavanaugh testified for defendant that in August, 1942, shortly after decedent's death, he interviewed claimant in his office and told her that as a result of the reports concerning decedent's condition which the company had received from its doctors no compensation would be paid for the death, and that if claimant wanted to do anything further she should visit the Pittsburgh office of the Department of Labor and Industry, the address of which he gave her. This witness was partially corroborated by two other employes of defendant who testified they had seen claimant in Cavanaugh's office at about the time he said the conversation occurred.

A. B. Cressler, called by defendant, testified he had no recollection of having said anything relative to compensation when he went to claimant's home to take her the railroad ticket shortly after decedent died. The witness said that upon the occasion of the widow's first visit to his office he told her that the company disclaimed liability but that he would see if a voluntary payment could be arranged. When claimant returned four or six weeks later, Cressler stated, he told her he would try to obtain for her $1000, but claimant expressed the view that she should have a larger sum. Cressler then testified that he secured a check for $1,250 and took it to claimant's home, but that she refused to execute a release, which defendant required, for the amount of money offered. The witness returned the check to the company and had no later conversations with claimant concerning compensation, and he testified that he made no promises to claimant which would lead her to believe that defendant then had any further intention of making a payment to her.

On this testimony the referee made a finding of fact, affirmed by the board, that the action of defendant did not lull claimant into a false sense of security inducing her to refrain from filing a petition within the period prescribed by the statute.

The statutory limitation contained in §315 imposes a condition upon the rights created by the Act, and makes mandatory the filing of a claim petition within the period of time to which the right to compensation is limited. *Cosenza v. General Baking Co.*, 147 Pa. Superior Ct. 591, 24 A. 2d 735; *Ratto v. Penna. Coal Co.*, 102 Pa. Superior Ct. 242, 156 A. 749. The courts may not extend the period of repose, ex gratia, or what is the same thing, permit the filing of a petition nunc pro tunc, in aid of a meritorious claimant or to relieve against the hardship of particular circumstances although the running of the statute may be tolled by the declarations and conduct of those who invoke its protection. *Jones v. Phila. & Reading Coal & Iron Co.*, 154 Pa. Superior Ct. 465, 36 A. 2d 252; *Sweeney v. Reading Co.*, 146 Pa. Superior Ct. 539, 23 A. 2d 66. Where a defendant's representatives so deport themselves in their dealings with a claimant as to mislead or deceive him, whether innocently or with fraudulent purpose, and induce him to postpone the filing of his petition until the period of limitation has expired, the defense of inordinate delay is not available, as a defendant cannot be permitted to benefit from a neglect for which he is himself primarily responsible. *Meyers v. Lehigh Valley Trans. Co.*, 138 Pa. Superior Ct. 569, 10 A. 2d 879; *Demmel v. Dilworth Co.*, 136 Pa. Superior Ct. 37, 7 A. 2d 50.

The key to the proper disposition of this appeal is the proposition that the burden of proof is upon claimant to show by evidence clear and persuasive, and of more than doubtful weight, that defendant's conduct was the cause of the delay. *Rowles v. State Workmen's Ins. Fund*, 141 Pa. Superior Ct. 193, 14 A. 2d 551; *Guy v. Stoecklein Baking Co.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839. As this is true, it cannot be doubted that "...... if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if, in the opinion of the board, such evidence is so

indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given": *Seitzinger v. Fort Pitt Brewing Co.*, 294 Pa. 253, 258, 144 A. 79. Where the board, which is not required to accept even uncontradicted oral testimony as true, declines to find facts in favor of a claimant having the burden of proof, the question before the court is simply whether the board's findings are consistent with each other, and with its conclusions of law and its order, and whether they can be sustained without a capricious disregard of the competent evidence produced on claimant's behalf. Unless the answer is in the negative, the order must be affirmed. *Hudek v. United Engineering & Foundry Co.*, 152 Pa. Superior Ct. 493, 33 A. 2d 41; *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schrock v. Stonycreek Coal Co.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522. It will only be the unusual case in which the compensation authorities can be convicted of capriciously disregarding the interests of a claimant or arbitrarily refusing to give consideration to the testimony in his favor.

Whether, if the facts had been found in claimant's favor, the testimony would have been sufficient to support the finding is not now material. Cf. *Boyle v. Mill Creek Coal Co.*, 138 Pa. Superior Ct. 347, 10 A. 2d 884, with *Guy v. Stoecklein Baking Co.*, supra. It is plain that the board did not act capriciously in deciding claimant had not carried her burden of proof with the evidence in the record. Claimant's own statements disclosed that she had been advised by two persons whose information she trusted that she had two years in which to file her claim; and her testimony was inconclusive even that she relied upon the promises alleged to have been made by defendant's agents, and disclaimed by them. That the board measured claimant's testimony and found it wanting is evident from the following passage in its opinion: "We have reviewed all of the evidence

very carefully and have sympathetically considered the arguments of claimant's counsel on appeal but we are not convinced that the claimant has shown by the burden of proof that the delay in filing her petition was the fault of the defendant. Quite to the contrary the impression we get from the record is that the claimant's difficulty has been caused by listening to bad advice volunteered by outsiders." Regrettable as it is that a claimant should be precluded by a misplaced confidence from securing a hearing on the merits of her case, we are not permitted to substitute our judgment upon the facts for that of the compensation authorities.

Order affirmed.