265 So.2d 591

In re Eugenia L. GILMORE, etc.,

v.

The RUST ENGINEERING COMPANY, a corporation.

Ex parte the RUST ENGINEERING COMPANY, a corp.

[ Div. 635.

Supreme Court of Alabama.

Aug. 10, 1972.

Donald F. Pierce, A. Clay Rankin, III, Mobile, for petitioner.

**48**

William H. McDermott, Braxton L. Kittrell, Jr., and Herbert P. Feibelman, Jr., Mobile, for respondent.

HEFLIN, Chief Justice.

This case was originally assigned to another member of this Court and was reassigned to the writer on July 5, 1972.

This petition for writ of certiorari to the Court of Civil Appeals involves a case in which the respondent-appellant-plaintiff's husband, John E. Gilmore, an employee of petitioner-appellee-defendant The Rust Engineering Company, was killed. The plaintiff, as widow and for the benefit of the dependent children of the deceased, John E. Gilmore, brought proceedings in the Circuit Court of Mobile County against defendant Rust Engineering Company to recover workmen's compensation death benefits.

After demurrers were sustained to the complaint in the lower court, the plaintiff took a voluntary non-suit.

The Court of Civil Appeals reviewed the lower court "by certiorari". That appellate court 45 Ala.App. 626, 235 So.2d 673, reversed and held that the trial court should have overruled the demurrers to the complaint as last amended.

The petitioner-appellee-defendant Rust Engineering Company applied for certiorari to review the decision of the Court of Civil Appeals. Upon preliminary consideration this court concluded that there was a probability of merit in the petition and the writ was issued.

The complaint, as last amended, alleges, among other things, as follows:

"2. On, to-wit, September 21, 1966, the relation of employer and employee existed

between Defendant and Plaintiff's intestate, John E. Gilmore; Plaintiff's intestate and Defendant were at that time subject to the Workmen's Compensation laws of Alabama; Plaintiff's intestate was a member of, and was represented for collective bargaining purposes by, an organized labor union, viz: Plumbers and Steamfitters Local 52, with headquarters in Montgomery, Alabama. On said date there was in force and effect between Defendant as employer, and said Plumbers and Steamfitters Local Union No. 52 as the union representing its members, including Plaintiff's intestate, a written agreement governing the hiring of men, working conditions and wage rates, which agreement, in Article Four, WAGE RATES, provided as follows:

'Section 13. Travel expenses shall be as follows:

A From Court Square, Montgomery, Alabama, 10 to 30 miles, $2.00 per day.

B All over 30 miles, $3.00 per day.

C Mileage to be measured by highway.'

"The Section above quoted providing for payment of travel expense represented payment in addition to the basic hourly wage rates provided for in other sections of said Article Four.

"3. Plaintiff's intestate, who resided at Route 2, Box 261, Theodore, Mobile County, Alabama, through said Local 52 had been employed by Defendant prior to September 21, 1966, and had leased living quarters for himself and his family near Mulberry in Autauga County, Alabama, and had moved his family from his Mobile County residence to these living quarters in Autauga County.

"4. The job site of Defendant at which Plaintiff's intestate was working on and prior to the date of his death, to-wit, the future location of Hammermill Paper Company, was located in Dallas County, Alabama, at a point approximately forty-eight (48) miles from Court Square in the City of Montgomery, Alabama. The travel expense to which Plaintiff's intestate was entitled, and which he was receiving, pursuant to the employer-union agreement above described was $3.00 per day.

"5. On the day aforesaid, to-wit, September 21, 1966, Plaintiff's intestate had traveled from his rented living quarters in Autauga County, Alabama, to the job site of Defendant in Dallas County, Alabama, and had performed, to-wit eight (8) hours' work for Defendant at the basic hourly wage rate prescribed by the employer-union contract aforesaid; upon completion of eight (8) hours' work at Defendant's job site, Plaintiff's intestate climbed into his pickup truck in which he had traveled from his rented living quarters to work on the morning of, to-wit, September 21, 1966, and commenced his return trip to his rented living quarters in Autauga County, Alabama. The route from work to home used by Plaintiff's intestate began with a new road then under construction in Dallas County, Alabama, leading from Defendant's job site to a paved public highway known as, to-wit, River Road, and while traveling on this new road, Plaintiff's intestate's pickup truck was involved in a collision with another vehicle at or near the intersection of said new road with said River Road, as a proximate result of which Plaintiff's intestate was killed.

"6. Plaintiff avers that the travel expense contracted for between said Union Local No. 52 and Defendant constituted a part of the consideration received by the members of said Union employed by Defendant, including Plaintiff's intestate, for their work; that the sole feasible means of transportation available to Plaintiff's intestate to and from work each day at Defendant's job site was by private motor vehicle along and upon the roads and highways of Alabama; that by virtue of the inclusion of the provision for travel expense in the agreement between said Union and Defendant, Defendant became obligated

**50**

to pay same and said provision thereby became a condition of the employment agreement between Defendant and Plaintiff's intestate. Wherefore, Plaintiff avers that death was caused to her husband, Plaintiff's intestate and Defendant's employee, by an accident arising out of and in the course of his employment."

The two counts contained in the complaint are the same except that Paragraph 6 of Count Two differs from Paragraph 6 of Count One. In Paragraph 6 of Count Two the plaintiff averred in substance that at the time of the collision plaintiff's intestate was at or near his place of work on the "new road"; that said "new road" was a new public road under construction and was being constructed primarily and especially for the use of persons working at the construction of a plant for Hammermill Paper Company, including plaintiff's intestate; that the "new road" led directly from the job site to River Road; that before construction began, River Road was the only access road to the job site and was a winding, curving road unsuitable for quick and efficient ingress and egress to the job site; and that the intestate's death was caused by accident arising out of and in the course of the intestate's employment.

The Court of Civil Appeals did not decide whether the complaint was sufficient to show plaintiff's right to recover, but concluded that "we are satisfied that the last amended complaint of appellant [plaintiff] was sufficient as against demurrer so as to warrant an evidentiary hearing to proceed thereon."

The petitioner Rust Engineering Company contends that the opinion of the Court of Civil Appeals is in conflict with the opinion of this court in Louisville & Nashville R. R. Co. v. National Park Bank of New York, 188 Ala. 109, 65 So. 1003, in that if the complaint sets out the facts of a claim and the facts do not support the conclusion then the conclusion must yield to the alleged facts and the demurrer should be sustained.

Petitioner Rust Engineering Company also contends that this presents a material question of first impression in the appellate courts of Alabama and was incorrectly decided.

The Court of Civil Appeals, in effect, held that when the complaint in a workmen's compensation case alleges the necessary allegations required by § 304 of Title 26, Code of Alabama, 1940, as amended, then such is sufficient against demurrers so as to warrant an evidentiary hearing to proceed thereon.

■ Our workmen's compensation statutes "create rights and remedies and procedure all their own", and it is for this reason that complaints in such cases are not subject to as rigorous a requirement with regard to specificity as they otherwise would be. Pound v. Gaulding, 237 Ala. 387, 391, 187 So. 468, 470. In an effort to effectuate the humanitarian purposes of the compensation law the technical rules of pleading are not followed in workmen's compensation cases. Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So.2d 331; Southern Cotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159; Randle v. Dumas, 229 Ala. 396, 157 So. 218; DeBardeleben Coal Corporation v. Richards, 251 Ala. 324, 37 So.2d 121.

■ Liberal construction of the compensation law has been favored to effectuate its purposes and eliminate procedural technicalities. It was stated in City of Foley v. Terry, 278 Ala. 30, 35, 175 So.2d 461, 465:

" . . . . the compensation law should be liberally construed in furtherance of the humanitarian purposes leading to its enactment; and . . . pleading under the act was not intended to be cast in the technical precision of the common law, or tested by the refined objections of hypercriticism."

This pleading philosophy has been echoed in Ex parte National Pipe & Foundry Co., 213 Ala. 605, 105 So. 693; Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Fᵡ

parte Louisville & N. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Taylor, 213 Ala. 282, 104 So. 527; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

In addition to eliminating procedural technicalities and effectuating the act's purposes, a liberal construction has also led to the resolution of all reasonable doubts in favor of the employee. Hamilton Motor Co. v. Cooner, 254 Ala. 422, 47 So.2d 270; National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734; Mobile Liners Inc. v. McConnell, 220 Ala. 562, 126 So. 626.

■ Since Louisville & Nashville R. R. Co. v. National Park Bank of New York, supra, did not involve a workmen's compensation proceeding, its holding is not controlling in the instant case. This court holds that allegations of a complaint in a workmen's compensation case should be accorded a liberal construction leading to the resolution of all reasonable doubts in favor of the employee. Only in those workmen's compensation cases where the allegations of a complaint cause it to appear beyond all reasonable doubt that the plaintiff can prove no set of facts to support his claim should a demurrer be sustained, provided, of course, the necessary averments required by Section 304 of Title 26, supra, are alleged.

In the complaint as last amended in the instant case the plaintiff averred certain matters in a conclusionary manner, i. e., that the decedent's death was caused "by an accident arising out of and in the course of his employment". The complaint further averred facts concerning the circumstances surrounding the accident in an explanation of the above stated conclusion. In order for this court to reverse the Court of Civil Appeals in this case it must appear that such additional facts reflect beyond all reasonable doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.

■ As a general rule, accidents occurring while an employee is traveling to and from work are not considered "arising out of and in the course of his employment". Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813; Sloss-Sheffield Steel & Iron Company v. Thomas, 220 Ala. 686, 127 So. 165; 99 C.J.S. Workmen's Compensation § 232. However, exceptions have been carved out of this general rule. One applies when such transportation constitutes a part of the consideration paid to the employee for his services. In Section 16.30 of Vol. 1 of Larson's Workmen's Compensation Law, the following comment about this exception appears:

"However, in the majority of cases involving a deliberate and substantial payment for the expense of travel, or the provision of an automobile under the employee's control, the journey is held to be in the course of employment. This result is usually correct, because when the subject of transportation is singled out for special consideration it is normally because the transportation involves a considerable distance, and therefore qualifies under the rule herein suggested: that employment should be deemed to include travel when the travel itself is a substantial part of the service performed . . . .. The fact that . . . the provisions of transportation or transportation expenses is actually held out as an inducement to accept employment is a material factor supporting compensability. A fortiori, when acceptance of employment is conditional on the furnishing of transportation, the journey has become a part of the service contracted for."

In Ammons v. McClendon, 263 Ala. 651, 652, 83 So.2d 239, 240, this court in this connection stated as follows:

"As to whether or not McClendon was where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman, within the meaning of subsec. (j), supra, depends upon the effect to be accorded his transportation to and from work in the truck.

**52**

If by contract, express or implied, the transportation constituted a part of the consideration paid or to be paid McClendon for his services, then, in that event, the mutual duties of employer and employee were being performed at the time McClendon was killed and the workmen's compensation laws would be applicable. If, on the other hand, the transportation did not constitute a part of his contract of employment, the workmen's compensation law has no application. Blair v. Greene, 247 Ala. 104, 22 So. 2d 834."

A second exception applies notwithstanding the fact that the transportation is not a part of the consideration. This exception allows coverage for employees entering and leaving the employer's place of business before beginning and after completion of his actual services in certain instances, by holding that such accidents occurring during this interim period arise out of and in the course of employment. Ex parte Louisville & N. R. Co., 208 Ala. 216, 94 So. 289; Massey v. United States Steel Corp., 264 Ala. 227, 86 So.2d 375; Benoit Coal Mining Co. v. Moore, 215 Ala. 220, 109 So. 878; Jett v. Turner, 215 Ala. 352, 110 So. 702; Prayther v. Deepwater Coal and Iron Co., 216 Ala. 579, 114 So. 194; Sloss-Sheffield Steel and Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165; Overton v. Belcher, 232 Ala. 396, 168 So. 442; Hardie Sales Co. v. Astrachan, 239 Ala. 558, 196 So. 135; Hayes v. Alabama By-Products Corp., 242 Ala. 148, 5 So.2d 624; Barnett v. Britling Cafeteria Co., 225 Ala. 462, 143 So. 813; and Baggett Transp. Co. v. Holderfield, 260 Ala. 56, 68 So.2d 21.

In view of the exceptions to the general rule concerning compensable accidents off of the premises of the employer while traveling to and from work, this court does not find that the allegations contained in the complaint are such that it appears beyond all reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Thus the Court of Civil Appeals was correct in reversing the trial court for sustaining the demurrers.

Writ quashed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX, McCALL and SOMERVILLE, JJ., concur.