We granted certiorari to review the Court of Civil Appeals' decision in Dorsey v. United States Pipe and Foundry Company,353 So.2d 797, holding that fraud does not toll the one-year statute of limitations for workmen's compensation actions contained in Tit. 26, § 296, Code of Alabama 1940 (now §25-5-80 Code of Alabama 1975).[1] We reverse and remand.
Petitioner, William Dorsey, brought this workmen's compensation action against respondent, United States Pipe and Foundry Company, in the Circuit Court of Jefferson County, contending, inter alia, that respondent had fraudulently misrepresented certain facts to him; that he had relied upon respondent's fraudulent misrepresentations to his detriment; and that the one-year statute of limitations (Tit. 26, § 296, Code of 1940, now § 25-5-80 Code 1975) was tolled by respondent's fraud. The case was heard ore tenus and the trial court held, inter alia, that fraud does not toll the statute of limitations.
The Court of Civil Appeals affirmed although in its opinion it invited our review of this question. A petition for writ of certiorari was filed and granted to review the sole issue as to whether fraud tolls the one-year statute of limitations in workmen's compensation cases found in Tit. 26, § 296. It provides, in pertinent part, as follows:
 "In case of a personal injury all claims for compensation . . . shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable . . . or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 304 of this title. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. In case of physical or mental incapacity, other than minority of the injured person or his dependents, to perform or cause to be performed any act required within the time in this section specified, the period of limitation in any such case shall be extended to become effective one year from the date when such incapacity ceases."
This is a case of first impression. Petitioner cites several cases from other jurisdictions which have held that fraud does toll the statute of limitations in workmen's *Page 802 
compensation cases. Respondent concedes that some jurisdictions have adopted this liberal posture but argues that Alabama has not done so. Respondent contends that since the Alabama Workmen's Compensation Act is a statutory creation, and not a creature of the common law, then the one-year statute of limitations is considered as a part of the newly created right and cannot be tolled or suspended for any reason not expressly cited in the statute.
This Court has held that Tit. 26, § 296, is a limitation on the right itself and not alone upon the remedy. B.F. GoodrichCo. v. Parker, 282 Ala. 151, 209 So.2d 647 (1967).
It has also been held that the time limitation within which such actions must be brought is a condition precedent to the right to maintain such actions and is jurisdictional. Id.;Shepard v. Chrysler Corporation, 430 F.2d 161 (5th Cir. 1970).
Where a statute creates a cause of action which did not theretofore exist, and where it provides that such cause of action must be brought within the time specified in the statute, the general rule is that fraud does not toll the statute of limitations unless the statute in question expressly so provides. See, e.g., Central of Georgia Railway Company v.Ramsey, 275 Ala. 7, 151 So.2d 725 (1962). This rule has met with widespread dissatisfaction, however, and is replete with exceptions. See, e.g., "Effect of fraud to toll the period for bringing action prescribed in statute creating the right of action." 15 A.L.R.2d 500, at 519-526. See also, 3 Larson,Workmen's Compensation Law, § 78.45.
In Central of Georgia, supra, Mr. Justice Harwood, writing for the Court, pointed out that the more recent federal appellate court decisions are to the effect that legal frauddoes toll the time within which suit must be brought under theF.E.L.A. Our Court followed such decisions and those of the United States Supreme Court in holding that fraud does toll the statute in, F.E.L.A. cases.
Apparently, the general rule alluded to above has met with particular disaffection in workmen's compensation cases. See,e.g., "Effect of fraud to toll the period for bringing action prescribed in statute creating the right of action," supra.
 "Outside of the cases infra, construing the Workmen's Compensation Act of Alaska, there seems to be no case which goes to the length of holding that fraud which prevents an employee from instituting proceedings for benefits conferred by such an act within a period limited thereby will not toll or suspend the running of the period. There are several cases which, though failing to find fraud, contain the intimation that such would be its effect in the event of a contrary finding, and several examples of this nature are given, without attempting to be exhaustive of the cases on what constitutes fraud, for this purpose. Whatever may be the theoretical concept of the nature of the benefit or particular right of action conferred by a workmen's compensation act, and however sweeping the limitation provision may be, the ultimate purpose of the legislation seems to have persuaded the majority of the courts not to regard enforcement of the right as conditioned upon commencement of proceedings within the time limited, should fraud preventing such commencement be established." Id. at 520. (Emphasis supplied.)
Respondent has argued that because Tit. 26, § 296, is a limitation upon the right itself and not alone upon the remedy, and because the statute is jurisdictional, we must affirm. We cannot agree. Many other jurisdictions have faced this obstacle, and have not found it to be insurmountable. E.g.,Mackanitz v. Pittsburgh W.V.R. Co., 157 Pa. Super. 359,43 A.2d 586 (1945).
 "The statutory limitation contained in § 315 imposes a condition upon the rights created by the Act, and makes mandatory the filing of a claim petition within the period of time to which the right to compensation is limited. . . . The courts may not extend the period of repose, ex gratia, or what is the same thing, permit the filing of a petition nunc pro tunc, in aid of a meritorious claimant or to relieve against the hardship of particular *Page 803 
circumstances although the running of the statute may be tolled by the declarations and conduct of those who invoke its protection. . . . Where a defendant's representatives so deport themselves in their dealings with a claimant as to mislead or deceive him, whether innocently or with fraudulent purpose, and induce him to postpone the filing of his petition until the period of limitation has expired, the defense of inordinate delay is not available, as a defendant cannot be permitted to benefit from a neglect for which he is himself primarily responsible." [Citations omitted.]
43 A.2d at 588-89. See also, 3 Larson, Workmen's CompensationLaw, § 78.45.
Following is a pertinent comment from the federal appellate bench quoted with approval in our Central of Georgia, supra:
 "`Judge Frank in the Osbourne case and Judge Parker in the Burkhardt case, supra, have shown that the distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is none the less true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words.'"
We are impressed by this reasoning. We hold, therefore, that when acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled, and it is immaterial whether the employee relies upon actual fraud or mere estoppel. Pacific Employers Ins. Co.v. Industrial Accident Commission, 66 Cal.App.2d 376,152 P.2d 501 (1944). We think such a construction comports with the rule of liberal construction with which Alabama courts have otherwise construed our workmen's compensation laws. E.g.,Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591
(1972).
Respondent has argued that we cannot affirm this cause in view of the holding in B.F. Goodrich Co. v. Parker, supra. We cannot agree. The primary issue in Parker was whether voluntary payments of compensation made to an employee by his employer after his cause of action was barred by the statute of limitations revived the cause of action. Parker held that they did not. There were no allegations of fraud in Parker as there are here, and no issue was raised regarding the effect of fraud on the limitation of actions under Tit. 26, § 296. Thus, we see no conflict between Parker and our holding here.
In conclusion, we take note, as did the United States Supreme Court in Glus v. Brooklyn Eastern Terminal, 359 U.S. 231,79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959), of the age old maxim "that no man may take advantage of his own wrong." See also,Mazer v. Jackson Insurance Agency, 340 So.2d 770 (Ala. 1976).
Nothing we have said herein should indicate that we entertain any views as to the merits of the fraud claim. The only issue presented to us is the legal question and we have answered it.
REVERSED AND REMANDED.
All the Justices concur.
[1] The 1975 Code became effective October 31, 1977. *Page 804