This is a workmen's compensation case.
After an ore tenus hearing, the trial judge found that the employee's action for benefits was barred by the one year statute of limitations set forth in Code of Ala. 1975 §25-5-80. The employee appeals. We affirm.
The record, viewed with its attendant presumption, reveals the following: The employee has worked for the employer for approximately ten years. He successfully claimed workmen's compensation benefits on a number of occasions in the past.
On January 22, 1974, the employee allegedly received a work related injury to his back. On that date, after getting permission from his foreman, he left work and did not return for approximately six months. During this time, the employee had surgery on his back. After his recovery, he returned to his place of employment.
Prior to returning to work, the employee informed a Mr. Evesque, the company comptroller, that he wished to file a claim for workmen's compensation benefits. The comptroller informed the employee that because the shop foreman, a Mr. Tommy Watson, did not file a certain form showing that the employee was injured on the job, he (Mr. Evesque) would investigate the claim.
The record further reveals that subsequent to the employee's conversation with Mr. Evesque, the company informed the employee that Mr. Watson was of the opinion that the injury was not job related. The employee brought an action for benefits on April 23, 1975, three months after the statute of limitations had run.
At trial, the employee contended that the company had through fraud prevented him from timely seeking benefits under the Act. Specifically, the employee maintained that at the time he informed the company of his intent to claim benefits in May, 1974, the company promised to investigate the matter and communicate its decision to accept or reject the claim, which it failed to do. Thus, it was argued that the company's failure to inform the employee of its decision to deny benefits acted as a fraud upon the employee and tolled the one year statute of limitations.
The trial court found no evidence of fraud and held the claim barred by the statute of limitations.
The dispositive issue on appeal is whether there is any evidence to support the trial court's conclusion that there was no fraud on the part of the employer which would toll the statute of limitations.
Initially, we observe that in workmen's compensation cases, if there is any *Page 1007 
legal evidence to support the trial court's findings, those findings will not be disturbed on appeal. Republic Steel Corp.v. Kimbrell, Ala.Civ.App., 370 So.2d 294 (1979).
The principle enunciated in Dorsey v. United States Pipe Foundry Co., Ala., 353 So.2d 800 (1977), that fraud may toll the one year statute of limitations in workmen's compensation cases, is dispositive of the instant appeal. In Dorsey, the supreme court stated:
 We hold . . . that when acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled. . . . 353 So.2d at 803.
In this instance, there is no allegation that the employer falsely admitted its liability for workmen's compensation benefits. In fact, the evidence shows that the company, at all times pertinent to this dispute, took the position that the injury was not job related and thus they would not concede liability. Consequently, the first portion of the test set forth in Dorsey is not applicable here.
With respect to the employer's alleged fraudulent misrepresentation or concealment, the employee, as we perceive his argument, contends that the company's failure to communicate its decision to deny liability amounts to a fraudulent misrepresentation or concealment of the facts upon which the employer's liability depends. Because it is alleged that the company did not communicate to the employee its decision to deny liability, it is argued that this concealment falsely misled the employee from timely pursuing his remedy. As set forth below, the facts in this instance belie the employee's claims of fraud.
The record conclusively indicates, from the testimony of both the employer and the employee, that the employee was timely given notice that the company would deny liability because it considered the injury nonwork-related. On cross examination, the employee admitted that he timely knew the company would deny the claim and the reasons therefor:
 Q All right. Were you also told . . before you obtained the services of an attorney that they were not going to honor this alleged claim of a back injury on the job?
A Yes, sir.
Q And it was denied to you?
A That's right.
Q Yes, sir. And that was done when? September of '74?
 A I can't recall the month. That was done the time I had the union trying to get in touch with them to pay my doctor bill and everything. The President of the union went out and talked to them. That is when . . . Mr. Evesque . . . told me that they were not going to pay. It was my word against Mr. Tommy Watson, and he was going to take Mr. Tommy Watson's word.
Q Yes, sir.
A So I had to go get somebody to try to help me out.
Q Do you know when that was?
A I can't recall the date.
Q Well, it was before January 1975, wasn't it?
A I don't know. I know it was before then, yes, sir.
Based upon this testimony and that of the employer, the trial court did not err in reaching the conclusion that the employee's claims of fraud were unfounded. Consequently, we find no error in the learned judge's dismissal of the employee's action as time barred.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 1008