MADDOX, Justice.
We granted certiorari to review the question of whether an employer’s nonfraudu-lent representations which unintentionally mislead an employee in filing his workmen’s compensation claim will toll the one-year statute of limitations contained in Code 1975, § 25-5-80.
The essential facts of this case are not in dispute. On August 27, 1974, petitioner, Jack Youngblood, suffered a fractured hip in the course of his employment with respondent, L. W. Limbaugh Mining & Construction Company. Petitioner was treated for his injuries by Dr. Benjamin Meyer, a physician selected and authorized by Limbaugh to provide medical services to its employees. In performing surgery on petitioner’s hip, it was necessary for Dr. Meyer to insert a hip nail. After an extended period of recovery, petitioner returned to work on June 9, 1975.
Over the period of petitioner’s total temporary disability, he was treated by Dr. Meyer and received workmen’s compensation benefits from Limbaugh. The last of these total temporary disability payments was made on August 5, 1975. Petitioner did not file his claim for permanent disability benefits until March 17, 1977, some nineteen months after he received his last payment of compensation; however, the claim was not filed within the period set forth in Code 1975, § 25-5-80, which provides:
In case of personal injury, all claims for compensation under this article and article 2 of this chapter shall be forever barred unless within one year after the accident the parties shall have agreed upon the compensation payable under this article and article 2 of this chapter or unless within one year after the accident one of the parties shall have filed a verified complaint as provided in section 25— 5-88. . . . Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of one year from the time of making the last payment. . . .
*1148 At trial, petitioner argued that the applicable statute of limitations was tolled as a result of statements made by Dr. Meyer which misled him in filing his claim. The record indicates that on several occasions Dr. Meyer informed petitioner that he could not determine the extent of any permanent disability until the hip nail was removed in a subsequent operation. When questioned by petitioner concerning the extent of his permanent disability, Dr. Meyer told petitioner he “should wait until the nail was removed and see how he got along and what he could do and how he could respond to his job activities and then [he (Dr. Meyer) ] would estimate his permanent disability.” Throughout this time, Dr. Meyer, in accordance with the requirements of Code 1975, § 25-5-77, prepared and sent written reports concerning the nature and extent of petitioner’s injuries to Limbaugh and Travelers Insurance Company, Limbaugh’s workmen’s compensation insurance carrier. After performing the additional operation for removal of the hip nail, Dr. Meyer estimated that petitioner would suffer a 25% total disability of the whole body. Petitioner thereafter filed his claim for permanent disability benefits.
On the basis of this evidence, the trial court held that petitioner acted reasonably in relying on Dr. Meyer’s representations and withholding his claim until removal of the hip nail. Since it was part of Dr. Meyer’s statutory obligation to advise Limbaugh of the nature and extent of petitioner’s injuries, the court concluded that there was an equitable tolling of the statute of limitations when the physician selected by Limbaugh did not provide an opinion as to the extent of any permanent disability, and that petitioner was lulled into filing his claim beyond the statutory time limit.
On appeal, the Court of Civil Appeals, conceding for the sake of argument that Dr. Meyer was Limbaugh’s agent, reversed and remanded. That court found no justification for tolling the statute. Relying on Dorsey v. United States Pipe & Foundry Co., 353 So.2d 800 (Ala.1977), the court reasoned that unless the petitioner could establish either fraud or common law estoppel, an employer’s misleading statements would not toll the running of the statute of limitations. We disagree with the Court of Civil Appeals’ application and interpretation of Dorsey, and, therefore, reverse and remand.
In Dorsey, this Court granted certiorari to review the sole question of whether fraud would toll the one-year statute of limitations applicable to workmen’s compensation actions. With regard to this question, the Court reached the following conclusion:
We hold, therefore, that when acts are done by the employer which lead the employee to believe that liability under the statute is admitted and will not be contested, or where the acts of the employer either falsely misrepresent to the employee or fraudulently conceal from him the truth of the facts upon which the liability of the employer depends, the running of the statute of limitations may be tolled, and it is immaterial whether the employee relies upon actual fraud or mere estop-pel. Pacific Employers Ins. Co. v. Industrial Accident Commission, 66 Cal.App.2d 376, 152 P.2d 501 (1944).
Dorsey, supra, at 353 So.2d 803. This holding is expressly limited by its language and addresses only the effect of fraud or intentional misrepresentation on the running of the statute of limitations. Dorsey did not address the effect of representations, even though made innocently, which nevertheless mislead an employee in filing his claim. The legal effect of an innocent representation is the central issue in the present case; therefore, this case goes well beyond the substantive impact of Dorsey.
Limbaugh candidly admits in its brief that without the existence of fraud or es-toppel, Dorsey has absolutely no application. We agree, but there is language in Dorsey which indicates that something less than fraud or estoppel may suffice in tolling the statute. At 353 So.2d 802-803, the Court quoted with approval the following language from Mackanitz v. Pittsburgh & W. Va. R. Co., 157 Pa.Super. 359, 43 A.2d 586 (1945):
*1149 The courts may not extend the period of repose, ex gratia, or what is the same thing, permit the filing of a petition nunc pro tunc, in aid of a meritorious claimant or to relieve against the hardship of particular circumstances although the running of the statute may be tolled by the declarations and conduct of those who invoke its protection.... Where a defendant’s representatives so deport themselves in their dealings with a claimant as to mislead or deceive him, whether innocently or with fraudulent purpose, and induce him to postpone the filing of his petition until the period of limitation has expired, the defense of inordinate delay is not available, as a defendant cannot be permitted to benefit from a neglect for which he is himself primarily responsible. (Citations omitted.) [Emphasis supplied.]
When the employer is primarily responsible for the delay, courts usually apply equitable principles and hold that the employer is estopped from asserting the limitation period. See, e.g., Fulton v. Philadelphia Rustproof Co., 200 Pa.Super. 467, 190 A.2d 459 (1963); Palmer v. City of Pittsburgh, 9 Pa.Cmwlth. 526, 308 A.2d 179 (1973). In Behenna v. Meyers, 163 Pa.Super. 200, 60 A.2d 608 (1948), the court applied these principles when an employee had, among other things, complied with insurer’s request for a medical examination, submitted to ten weeks continuous medical treatment and discussed his claim for workmen’s compensation with his employer in an effort to secure information to enable him to file a timely report. Similar circumstances existed in the instant case which the trial court could have considered in determining whether the petitioner was deceived or misled. The trial court obviously determined that the employer was primarily responsible for the delay. We hold, therefore, that the Court of Civil Appeals erred. The representations of an employer or its insurance carrier may be such as to estop them from asserting the statute of limitations as a bar to a claim for workmen’s compensation, if the employer or the carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired. Whether the employer or the carrier, or their representatives were primarily responsible for the delay is a fact question for the factfinder at the trial level. We also hold that the question of whether a person is a representative of the employer or the carrier is essentially one of fact also. This construction of the limitations provisions of the workmen’s compensation statute is in accordance with the well recognized rule that the workmen’s compensation law must be liberally construed in furtherance of its beneficent and humanitarian purposes. Gilmore v. Rust Engineering Co., 289 Ala. 46, 265 So.2d 591 (1972); Bell v. Driskill, 282 Ala. 640, 213 So.2d 806 (1968); City of Foley v. Terry, 278 Ala. 30, 175 So.2d 461 (1965).
Accordingly, petitioner’s cause is due to be reversed and remanded to the Court of Civil Appeals for further review in accordance with the rule we announce in this opinion.
REVERSED AND REMANDED.
FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C. J., dissents.