TORBERT, Chief Justice
(dissenting).
I respectfully dissent. At this time I believe it is necessary to reemphasize my dissent in Ex parte Youngblood, 413 So.2d 1146 (Ala.1981). It is apparent that the learned trial judge erred when he found that the physician’s statements lulled Mr. Youngblood into delaying the filing of his lawsuit. Mr. Youngblood, in fact, testified that he knew that he would have some permanent disability in his hip and that Dr. Meyer never gave him advice as to whether he should or should not proceed in filing his lawsuit. Yet, Mr. Youngblood, knowing that he would have permanent problems, still failed to consult an attorney to file a claim.
The majority of this Court held that the physician’s statements did mislead Mr. Youngblood and today holds that Dr. Meyer was a representative of Limbaugh. I believe, as correctly stated by the Court of Civil Appeals, there is no evidence in the record to show that Dr. Meyer was under the control or direction of Limbaugh. He was clearly not a company doctor and the medical opinion expressed by him to Mr. Youngblood was by no means given in a representative capacity for Limbaugh. As stated by the Court of Civil Appeals, “The authority of the statute giving the employer the right to select the physician is not an appointment of the physician as the legal representative of the employer.” It is for these reasons that I would affirm the decision of the Court of Civil Appeals.