EDWARD N. SCRUGGS, Retired Circuit Judge.
After an ore terms trial, it was determined by the trial court that the employee’s claims in this workmen’s compensation case are barred by the applicable statute of limitations of one year and that the employer was not estopped from asserting that statute.
An employer may conduct itself in such a manner, whether innocently or fraudulently, as to lead the employee into believing that he can delay the filing of his workmen’s compensation case until the period of limitations has expired, and such misrepresentations will estop the employer from asserting that statute as a barrier to a claim for workmen’s compensation. Ex parte Youngblood, 413 So.2d 1146 (Ala. 1981). We have carefully read and studied all of the evidence and concur with the trial court’s finding that the evidence was inadequate to estop the employer from asserting the affirmative defense of the statute of limitations. In short, the record supports that finding, and we must affirm.
The employee was injured on October 15, 1980, and filed her complaint on October 4, 1984. It was jurisdictionally necessary that the claim of the employee for compensation and medical benefits be filed within the then appropriate period of one year from the date of the accident, and employee having failed to do so, “the running of the statute of limitations has extinguished both the employer’s liability and the plaintiff’s right to sue.” McLain v. GAF Corp., 424 So.2d 1329, 1330-31 (Ala.Civ.App.1982); see also Kimberly-Clark Corp. v. Golden, 486 So.2d 435 (Ala.Civ.App.1986).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of *1179 Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.